DETMER, BRUNER & MASON, INC., RESPONDENT, v. NEW YORK CENTRAL RAILROAD CO. ET AL., APPELLANTS.—80 S. W. (2d) 222.

Kansas City Court of Appeals. February 18, 1935.

*Goodwin Creason* for respondent.

*Homer Hall, L. H. Straesser* and *Sebree, Jost & Sebree* for appellant Wabash Railway Co.

*Marley & Marley* for appellant New York Central Railroad Company.

SHAIN, P. J.—This cause of action herein is predicated on the loss of goods in transit in interstate shipment.

The respondent, hereinafter designated plaintiff, is a corporation with its principal place of business in the State of New York and a branch place of business in Kansas City, Missouri.

The appellants herein were defendants below and will hereinafter be so designated.

The New York Central Railroad Company, one of the defendants,

is a New York corporation and is a common carrier, but does not operate a line in Missouri. This corporation, however, has an agency in Kansas City, Missouri, for the purpose of soliciting shipment of goods over its road.

The Wabash Railway Company, one of the defendants herein, is a corporation and a common carrier with lines in Missouri and entering Kansas City, Missouri, where the company has offices.

To an understanding of relations and issues: Charles Isreal, doing business under the name of the Isreal Transfer Company, is a common carrier doing a trucking and delivery business in Kansas City. Mr. Isreal was made a party defendant in this suit but dismissal was entered as to him.

The Bush Terminal Railroad Company is a New York corporation and common carrier but does not operate in the State of Missouri.

The Western Weighing & Inspection Bureau is a company that performs inspection service for all railroads entering Kansas City, Missouri.

The evidence discloses that on October 6, 1922, the plaintiff made a shipment of goods from its New York location to its branch house in Kansas City, Missouri. It appears that this shipment was delivered to the Bush Terminal Railroad Company in New York and said company issued its bill of lading therefor. In this bill of lading the goods are shown as routed over the New York Central and Wabash railroads.

The merchandise arrived in Kansas City, Missouri, on or about October 26, 1922, and was delivered to a truck driver for the Isreal Motor Transfer Company and receipted for by him without any notation of bad order or shortage. In other words, it was accepted by the driver as being in good shape. It appears that the driver of the truck could not be located at the time of the trial and we, therefore, have not the benefit of his testimony.

The shipment of goods was delivered at the plaintiff's place of business in Kansas City, Missouri, and was taken charge of by the receiving department of plaintiff.

It appears that the goods was delivered at plaintiff's place of business at about eleven A. M., October 26, 1922, and that in accordance with custom the clerk proceeded to weigh the package or box in which the goods was shipped and there was shown a shortage in weight. Upon discovery of the shortage, the agent upon examination concluded that the box had been tampered with and, upon opening the box, confirmed his opinion.

Upon the discovery, aforesaid, the Western Weighing & Inspection Bureau was immediately called and a Mr. Nelson of that organization came and made an inspection and, by checking the goods with the invoice, a shortage was shown itemized and an invoice made thereof.

The action in the case at bar is based upon the invoice of shortage, alleged as determined by the aforesaid inspection.

This action was brought in the Circuit Court of Jackson County, Missouri, in August, 1924, and was taken up and tried in Division No. 4 of said court at the March term, 1929, of said court. The issues were joined and tried on plaintiff's third amended petition. As before stated, Isreal, the transfer man, was made a party defendant but dismissal as to him was entered at the time of the trial.

The plaintiff in its petition, after description of parties defendant and alleging as to corporate existence, none of which are disputed, proceeds to state as follows:

"Comes now the above named plaintiff, and for cause of action, states that on and during all of the times hereinafter mentioned, this plaintiff, and the New York Central Railroad Company and the Wabash Railway Company were corporations, duly organized and existing under and by virtue of law; that the defendant, the Isreal Motor Transfer Company, was Charles Isreal, doing business as Isreal Motor Transfer Company.

"That the defendants, the New York Central Railroad Company, and the Wabash Railway Company were common carriers, engaged in the transportation of freight for hire.

"Plaintiff further states that on or about the ninth day of October, 1922, this plaintiff delivered to the defendant, the New York Central Railroad Company, certain merchandise for transportation, for a reasonable compensation to be paid it therefor, said merchandise or freight to be transported from Brooklyn, New York, and consigned by this plaintiff at that point to this plaintiff at 1114-16 Grand Avenue, Kansas City, Missouri, said merchandise or freight consisting of the following articles, to-wit:

"Case #549 Stock #587, Containing 35

| | | | |
|---|---|---|---|
| yds. Skinners Satin @ | | $2.35 | $ 82.25 |
| "Stock #588, Containing 25⅝ | | | |
| yds. Skinners Satin @ | | 2.35 | 60.22 |
| "Stock #594, Containing 7.5 | | | |
| yds. Skinners Satin @ | | 2.60 | 195.00 |
| "Stock #595, Containing 71⅝ | | | |
| yds. Skinners Satin @ | | 2.60 | 186.00 |
| "Stock #605, Containing 25 | | | |
| yds. Skinners Satin @ | | 2.60 | 65.00 |
| "Two rolls rubber tissue, style | | | |
| #1990-1 | @ | .36 | .72 |
| "Three pairs tailor scissors #1447-12 | | | 7.95 |
| | | "Total | $597.37 |

"Plaintiff further states that the Wabash Railway Company was the connecting line delivering said freight from the New York Cen-

tral Railroad Company to Kansas City, Missouri, and who shared in the reasonable compensation to be paid therefor.

"Plaintiff further states that the said Isreal Motor Transfer Company is a common carrier and engaged in the business of delivering goods and merchandise for hire and in the pursuance of said business said Isreal Motor Transfer Company did receive from the defendant, the Wabash Railway Company, certain freight or merchandise consigned to this plaintiff, which said freight or merchandise the said Isreal Motor Transfer Company was to, and agreed to deliver safely to this plaintiff; and to receive reasonable and proper compensation therefor, and the said defendant, the New York Central Railroad Company, and the said defendant, the Wabash Railway Company, and the said defendant, the Isreal Motor Transfer Company, all agreed to transport or carry said merchandise or freight, as above stated, safely and to deliver same to this plaintiff.

"Plaintiff further states that said freight or merchandise, as above described, was delivered to this plaintiff in badly damaged condition; that the merchandise specified in this petition together with the value of said merchandise therein stated was missing, and had been lost in transportation or delivery from the time of the receipt of said shipment by the New York Central Railroad Company, and that same never had been delivered to this plaintiff."

The service as to the defendant, the Wabash Railway Company, is not questioned. However, the defendant, the New York Central Railroad Company, challenges the service and this defendant embraces its objections to jurisdiction in its answer.

The answer of the New York Central Railroad Company, omitting caption, reads as follows:

"Declining to submit itself personally to the jurisdiction of this court, comes now the New York Central Railroad Company, a corporation, the above named defendant and alleges that this court is without jurisdiction over this defendant personally for the following reasons, to-wit:

"1. The defendant, New York Central Railroad Company is, and was at all times set forth in plaintiff's petition, a corporation organized and existing under and by virtue of the laws of the State of New York, and at all times had had no line of railroad in the State of Missouri.

"2. The defendant, at all times, has had no place of business and transacts no business in the State of Missouri and at all times has had no representative in the State of Missouri upon which service of process of summons can be had.

"3. That in so far as Article 4 of Chapter 12, Revised Statutes of Missouri, year 1919, would undertake to authorize service of process upon it on the facts as above set forth, the same would be in violation of Section 6 of Article 1 of the Constitution of the United

States in that such Chapter 12 of Article 4 of the Revised Statutes of Missouri, 1919, providing for service upon nonresident corporations, inflicts a burden upon interstate commerce and in that to give said Article 4 of Chapter 12 any force and effect as against this defendant, upon the facts herein set forth, would be to take the property of this defendant without due process of law in violation of Section 1 of the 14th Amendment of the Constitution of the United States.

"By reason whereof this defendant prays that the aforesaid action shall abate as to it.

"Second Count.

"And for second and further defense, this defendant alleges and declares that the bill of lading issued to the plaintiff by the Bush Terminal Railroad Company for the case of goods mentioned and described in plaintiff's petition provided among other things, as follows, to-wit:

" 'Claims for loss, damage or other injury to property must be made in writing to the originating or delivering carrier or carriers issuing this bill of lading within six months after delivery of property.'

"This defendant alleges that the Bush Terminal Railroad Company was at all the times and dates mentioned in plaintiff's petition and still is a common carrier and as the originating carrier it issued to plaintiff the aforesaid bill of lading and that the delivery carrier was the defendant, Wabash Railway Company at all times mentioned in plaintiff's petition, a common carrier for hire and this defendant further alleges that at no time was a claim made in writing by the plaintiff, either to the said Bush Terminal Railroad Company or the said Wabash Railroad Company. That the delivery of the case of goods mentioned and described in plaintiff's petition was made by the said Wabash Railroad Company on October 26, 1922.

"That by reason of the failure of the plaintiff to make in writing to either the said Bush Terminal Railroad Company or the Wabash Railroad Company, a claim for loss of goods mentioned and described in plaintiff's petition within six months from the 26th day of October, 1922, the plaintiff's claim as against this defendant is barred.

"Third Count.

"And for third and further answer and reserving to itself, the benefits of the first count of this answer, the defendant New York Central Railroad Company admits that it is a railroad corporation organized and existing under and by virtue of the laws of the State of New York and as such is a common carrier, but for further answer to plaintiff's petition, this defendant denies each and every allegation in plaintiff's petition contained except such as have been hereinbefore specifically admitted.

"Wherefore, having fully answered, this defendant prays to go

hence without a day and to have and recover of and from the plaintiff its costs herein incurred and expended.

"MARLEY & REED,

"Attorneys for Defendant."

The answer of the Wabash Railway Company, after making general denial, presents as follows:

"Further answering plaintiff's third amended petition, this defendant states that if the plaintiff made the shipment involved in said petition, it made it under and in pursuance of a contract or bill of lading. One of the provisions of the contract or bill of lading is that all claims must be made in writing to the originating or delivering carrier within six months after delivery of the property, or in case of failure to make delivery, within six months after a reasonable time for making delivery has elapsed. Defendant states that plaintiff did not make claim in writing to the originating or delivering carrier within six months from the time it is claimed by the plaintiff that the defendants failed to make delivery of the shipment involved in said third amended petition.

"Wherefore, having fully answered, this defendant prays to be dismissed hence with his costs.

"SEBREE, JOST & SEBREE,

"Attorneys for Defendant,

"Wabash Railway Company."

Trial was by jury resulting in a verdict for the plaintiff as against both defendants in the sum of $819. Judgment was entered in accordance with the verdict and both defendants have appealed.

OPINION.

The defendants herein have appealed separately and have filed separate briefs.

The defendant, the New York Central Railroad Company, presents its defense in three counts. The first count of the answer of the New York Central Railroad Company is a reiteration of its plea to jurisdiction and, if same be determined in its favor, works an abatement as to this defendant. We therefore, give our first consideration to this feature of the case.

This case was first sent to the Supreme Court on the theory that an answer presented a constitutional quest.

The case was sent to this court by mandate of the Supreme Court, for the reason that the defendants' answer failed to raise a constitutional question in that the validity of the statute was not directly challenged.

The New York Central Railroad Company presents the question of jurisdiction in its assignment of errors, five (V) and six (VI). These assignments go to the refusal of its instructions one (I) and two (II).

These instructions read as follows:

"The court instructs the jury that under the pleadings and the evidence it appears; that the defendant, New York Central Railroad Company is and was at all times a nonresident corporation; that, at all times it has had no line of railroad in the State of Missouri and that at all times it has had no representative in the State of Missouri upon whom service of the process of summons could be had and for this court to attempt to exercise jurisdiction over the defendant, New York Central Railroad Company in this action would be imposing a burden upon interstate commerce in violation of section 6 of Article 1 of the Constitution of the United States and your verdict must be for the defendant, New York Central Railroad Company."

"The court instructs the jury that under the pleadings and the evidence it appears; that the defendant, New York Central Railroad Company is and was at all times a nonresident corporation; that at all times it has had no line of railroad in the State of Missouri; and that at all times it has had no representative in the State of Missouri upon whom service of the process of summons could be had and for this court to attempt to exercise jurisdiction over the defendant, New York Central Railroad Company in this action would be taking the property of the said defendant without due process of law in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States and your verdict must be for the defendant, New York Central Railroad Company."

The evidence in this case is clearly to the effect that the agency, maintained by the New York Central Railroad Company in Kansas City, was a soliciting agency. The New York Central Railroad does not operate any line of railroad within this State and is not a common carrier operating in Missouri.

We conclude that the service had upon this defendant's soliciting agent in Kansas City, Missouri, did not give the Circuit Court of Jackson County jurisdiction of the person of this defendant. Much authority, Federal and State, could be cited in support of our conclusion. Sufficient; however, to the issue herein is the language of the Supreme Court of Missouri in State v. Rutledge, 56 S. W. (2d), wherein the opinion at l. c. 38, paragraph (13) reads:

"While no all-embracing rule has been laid down as to what constitutes doing business by a foreign corporation so as to make it amendable to personal service of process within a given jurisdiction and a solution of the question depends upon the facts of the particular case, yet the general rule is recognized that to constitute 'doing business' the foreign corporation must have entered the State and engaged there in carrying on and transacting, through its agents, the ordinary business in which it is engaged, and the cases run with

much unanimity to the effect that a foreign railroad corporation which has no tracks or railroad property within the State and operates none of its ordinary railroad business there is not doing business in the State in the sense that liability 'to personal service is incurred' because it maintains an office and employs agents there to advertise its business and 'solicit and procure passengers and freight to be transported over' its lines without the State. [Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916.]'' (Other citations follow.)

It is shown in the record herein that on January 25, 1925, the attorneys for the defendant, New York Central Railroad Company, acknowledged service to take depositions in this case in New York. Said depositions were taken in New York and were filed and used in the trial of the case. These depositions recite that the attorneys for the defendant, New York Central Railroad Company, were present at the taking of these depositions. It does not appear that the attorneys for this defendant cross-examined the witnesses.

The plaintiff urges that the above acknowledgment and appearance constitutes general appearance.

The depositions in question were taken in the State of New York on February 5, 1925.

The defendant, New York Central Railroad Company, filed its first answer herein on December 16, 1925, and in its answer presents its plea to the jurisdiction and in all pleadings filed thereafter this defendant duly asserts its plea to the jurisdiction.

The defendant, New York Central Railroad Company, in presenting its plea to the jurisdiction is asserting its Federal right.

The courts of Missouri respect the Federal rights, not only of our own citizens but of the citizens of other States as well. The courts of this State, in giving construction of our statutes, studiously avoid giving interpretation that would make them conflict with the Federal Constitution.

Under the laws of Missouri, a defendant is permitted in his answer to plead both as to the jurisdiction and to the merits. In respect to this law, the defendant, New York Central Railroad Company, has in its pleadings fully complied with our rules of practice. [Cohn v. Lehman, 95 Mo. 579, 6 S. W. 267; Thomasson v. Insurance Co., 217 Mo. 485, 116 S. W. 1092; State ex rel. v. Grimm, 239 Mo. 135, 143 S. W. 483; Barnett, Haynes & Barnett v. Building Co., 137 Mo. App. 636, 119 S. W. 471.]

While as between citizens of this State, the appearing and participating by a defendant in the taking of depositions may be such as to amount to a general appearance, still, we conclude, that such an appearance of a citizen of a sister State, when depositions are being

taken in said State, will not preclude such citizen from thereafter pleading as to the jurisdiction of the person in a suit pending in Missouri.

In the case at bar, we conclude that the alleged service shown on the defendant, New York Central Railroad Company, is no service. It follows that lack of jurisdiction is based upon improper venue. The taking of the depositions was in another State, and, in such proceedings preparatory to trial it is possible for the very facts to be developed that may conclusively show the defect as to venue. [Roberts v. National American Insurance Co., 212 S. W. 391.]

The suit should have been abated as to the New York Central Railroad Company, a corporation, defendant herein.

The defendant, Wabash Railway Company, as its first assignment of error, presents that it was error to refuse its peremptory instruction in the nature of a demurrer at the close of all the evidence and assign reasons as follows:

"(a) The plaintiff did not prove that the loss of part of the shipment occurred while it was in the custody of the Wabash Railway Company.

"(b) The plaintiff cannot recover on the contract alleged.

"(1) The bill of lading was the contract of shipment and any previous oral representations or understandings were merged into it.

"(2) The contract alleged was at most a special contract and of no validity.

"(3) There was a variance between the contract alleged and proved.

"(c) There was no evidence that claim for loss was filed as provided in the bill of lading."

In the case at bar it is shown that the goods involved was transported by four carriers. The initial carrier was the Bush Terminal Railroad Company of New York. In transit the goods was first transferred from the initial carrier to first, the New York Central Railroad Company and from that company to the defendant, Wabash Railway Company and from that company to the Isreal Motor Transfer Company, which last company delivered the goods to the plaintiff.

If goods are delivered to the initial carrier in good condition, as the goods involved herein appear to have been, then, under the law as declared by the courts of this State, if the goods are delivered by the Terminal carrier in a damaged condition, then the presumption arises that the damage or loss occurred while the goods was in the hands of the terminal carrier.

However, a prerequisite to such a presumption is proof, by the owner of the goods, that the loss occurred in transit. [Block Bros. Clothing Co. v. Mo. Pac. R. Co., 253 S. W. 35; Canfield et al. v. Balti-

more & Ohio R. R. Co., 75 N. Y. 144; Julius Klugman's Sons v. Oceanic Steam Nav. Co., 42 Fed. (2d) 461.]

It is conclusively shown by the evidence herein that there existed no contractual relation between the defendant, Wabash Railway Company, and the Isreal Motor Transfer Company. It stands admitted that the Isreal Transfer Company acted as the agent of the plaintiff. It follows that in so far as the defendant, Wabash Railway Company, is concerned, the goods ceased to be in transit by that company when taken over and receipted for by the Isreal Company.

If the plaintiff had plead that the Bush Terminal Railroad Company was the initial and the evidence disclosed the Wabash Railway Company to be the terminal carrier, then as goods are shown to have been delivered to said initial carrier in good shape and as a shortage was discovered, the conclusion that there was a loss in transit would be justified and the presumption of loss, while in possession of the terminal carrier, would be justified.

The plaintiff in its petition herein plead as though there was a joint contract between it, as the shipper, and the New York Central Railroad Company, the Wabash Railway Company and the Isreal Motor Transfer Company, common carriers, to safely transport the merchandise in question and deliver same to the plaintiff.

The plaintiff herein has totally failed to prove any such contract as it alleges. The failure to so prove is urged by the defense, as reason that its demurrer to the evidence should have been sustained.

However the above question might be concluded, we are confronted with the fact of the plaintiff's admission that the Isreal Company is one of the carriers in transit, and, if such admission be considered, then in so far as this case is concerned the Isreal Company becomes the terminal carrier wherein the presumption prevails that the loss occurred while in the possession of the Isreal Company.

The plaintiff specifically plead that its delivery of the goods was made to the New York Central Railroad Company the Wabash Railway Company is alleged as the connecting carrier. The plaintiff's pleadings and evidence presents a peculiar situation. In order to have the issue of loss in transit established and presumption of loss indulged as to the terminal carrier, the plaintiff plead its delivery to the New York Central Railroad Company as though it was the initial carrier and then seeks to raise a presumption against the defendant, Wabash Railway Company, by proving it delivered its goods for transit in perfect condition to the Bush Terminal Railroad Company of New York. The plaintiff introduced its written contract for the transportation of the goods in question. Its contract was with the Bush Terminal Railroad Company of New York as initial carrier.

The Bush Terminal Company is not made a party to this suit and

the plaintiff does not allege that it had any contractual relation with such company and does not allege any contractual relation as existing between such company and the Wabash Railway Company, defendant herein.

It must be concluded that the plaintiff herein has plead on a contract that it has failed to prove and seeks recovery, by introducing in evidence a contract for shipment with an initial carrier not a party herein and not alleged to have contractual relation with either the plaintiff or defendant herein.

The plaintiff's evidence is conclusive of the fact that it had a written contract with the Bush Terminal Railroad Company of New York to transport the goods in question. It follows that if the questions discussed above could be resolved in plaintiff's favor, still the plaintiff is confronted with the fact that its contract for shipment provides as follows:

"Claims for loss, damage, or injury to property must be made in writing to the originating or delivering carrier or carriers issuing this bill of lading within six months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export), or in case of failure to make delivery, then within six months (or nine months in case of export traffic) after a reasonable time for delivery has elapsed; provided that if such loss, damage, or injury was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim or filing of claim shall be required as a condition precedent to recovery."

As the plaintiff's damage is not predicated upon delay or as caused in loading and unloading and as no specific carelessness or negligence is plead, the duty to give the notice as required by the contract becomes imperative.

An interstate shipment is herein involved and the Federal courts have repeatedly held that a shipment such as this, under the contract shown in evidence, requires notice, as required in the contract, as a prerequisite to recovery. [Georgia, F. & A. R. R. v. Milling Co., 241 U. S. 190.]

A case of similar purport to the case at bar was before this court in Block Bros. Clothing Co. v. Mo. Pac. Ry. Co., supra, and unless there be distinguishment made there might appear to be conflict.

In the case of Block Bros., supra, the cause of action did not rest upon presumption as to the loss having occurred in transit and in that case the defendant is shown to have admitted its liability. The trial in that case was by the court without a jury and the conclusion reached by this court in that case is based on admission of liability.

Based upon the reasons presented, when considering that branch

of the case, we conclude that the Jackson County Circuit Court acquired no jurisdiction of the person of the defendant, the New York Central Railroad Company, a corporation, and that suit should have been abated as to such defendant.

Based upon reasons given above, we conclude that, under the pleadings, the law and the evidence, the plaintiff has failed to make out a case showing liability on the defendant, the Wabash Railway Company for the loss of the goods in question.

There are other questions raised in the briefs herein. However, as our conclusions above stated dispose of the cause, we will not burden the opinion with further discussion.

The judgment is accordingly reversed as to the defendant, New York Central Railroad Company, a corporation, and also reversed as to the defendant, Wabash Railway Company, a corporation. All concur.