SWANN, Judge.
The appellant, Juliana, Inc., a Florida corporation, one of several defendants, appeals a final judgment entered for the plaintiff, Nat Salzman, in an action on promissory notes and a guaranty.
The defendants in the complaint where Akers Hair Treatment Centre, Ltd., and International Products & Service Co., Ltd., the makers of the promissory notes; Lynn R. Akers, who allegedly guaranteed payment of the notes, and Juliana, Inc., the appellant, allegedly the alter ego of Lynn R. Akers.
The plaintiff was the president of a corporation which agreed to build hair treatment clinics for Akers Hair Treatment Cen-tre, Ltd. and International Products and Service Co., Ltd. The price was to be paid at the completion of each clinic. Subsequently, the plaintiff was approached to accept, in lieu of payment at the completion of each clinic, an arrangement whereby he would receive one percent of the gross turnover for twenty years for each clinic he built. This proposal was reduced to a letter dated April 18, 1960, from Lynn R. Akers to the plaintiff, which contained the following:
* * * * * * *
“I want you to know Nat that in all of these affairs of your establishing clin *4 ics and our subsequent paying of royalties to you, that in any event of any calamity or disaster, the original investment of setting up any given clinic is guaranteed by myself to you. In other words, if there were a case whereby a clinic so established should cease to function before you have realised your investment I, personnally, (sic) guarantee that portion to be paid to you. You may accept this letter as that guarantee and I am glad to do it even though you have not asked for such protection.”
¡‡*
The plaintiff rejected this proposed arrangement, and subsequently made demand upon the hair treatment firms for payment of money due him for the construction work.
The plaintiff alleged that on June 27, 1960 the defendants, Akers Hair Treatment Centre, Ltd. and International Products & Service Co., Ltd., executed and delivered certain promissory notes, subsequently assigned to the plaintiff, in the sum of $22,-152.09; that Lynn R. Akers guaranteed in writing the payment of said notes; and that Lynn R. Akers attempted to secrete his assets in the appellant corporation.
The appellant corporation, Juliana, Inc., answered, denying that it executed any promissory notes to the plaintiff and denying that there was any guaranty; that it was not the alter ego of Lynn R. Akers, and that if it should be judicially determined that the appellant corporation is the alter ego of Lynn R. Akers, then there is no debt owed by the latter to the plaintiff.
Shortly after the filing of the complaint, a writ of attachment was issued, commanding the Sheriff of Dade County, Florida, to take into his custody SEALARK II, a yacht belonging to the appellant corporation, Juliana, Inc. Defaults were entered against the defendants, Akers Hair Treatment Centre, Ltd. and International Products & Service Co., Ltd. The court entered its final judgment, finding, inter alia, that the defendant Lynn R. Akers personally guaranteed payment on the promissory notes of the plaintiff. The court also found that the appellant corporation was the alter ego of the said Lynn R. Akers, and that he was therefor the owner of the motor vessel SEALARK II. The court entered judgment against all defendants, jointly and severally, in the amount of $22,152.09. The defendant Juliana, Inc., then filed its notice of appeal to review the final judgment.
The record indicates that the alleged guaranty was proposed and rejected prior to the time the notes were ever executed. In addition, the letter of guaranty was conditioned upon the plaintiff accepting payment of royalties. This condition was rejected and other security was demanded instead. The notes of June 27, 1960 were then executed by the two defendant companies, delivered to and accepted by the plaintiff.
The evidence discloses that there were never any payments of royalties under the letter proposing a personal guarantee by the defendant Akers to the plaintiff. Where an offer of guaranty or any contract is made and delivered subject to a condition which is not accepted, but is in fact rejected, such a guaranty or contract is not enforceable. See 7 Fla.Jur. Contracts § 25.
Plaintiff contends that even if the written guaranty is defective, the defendant Akers is liable because he made additional oral guaranties of the notes to the plaintiff. In order to be enforceable, an agreement (by Akers) to pay the debt of another (Akers Hair Treatment Centre, Ltd. and International Products & Service, Ltd.) must be in writing. Section 725.01, Florida Statutes, F.S.A.
 Since the guaranty was not enforceable, there could be no liability of Akers for the notes executed by the two other companies, Akers Hair Treatment Centre, Ltd. and International Products & Service, Ltd., which were delivered and *5 accepted by the plaintiff. Therefore, the question of whether or not the' appellant, Juliana, Inc., was the alter ego of Akers is moot. The judgment against Juliana, Inc. is
Reversed.