SWANN, Judge.
This appeal was consolidated for the purpose of the filing and use of one original record on appeal with Juliana, Inc. v. Salzman, Fla.App.1965, 181 So.2d 3 (opinion filed this date) and arises from the same cause below. The facts are set forth in Juliana, Inc., supra, and will not be restated herein.
The sole question presented by this appeal is whether the trial court had jurisdiction over the appellant, Lynn R. Akers, one of the defendants below, inasmuch as he was never personally served with process. Juliana, Inc., another defendant in the cause, served notice of the taking of the deposition of the defendant Akers in Nice, France. The plaintiff’s (Nat Salzman) motion to quash the taking of the deposition was granted. Notwithstanding, the deposition of Akers was taken and used by Juliana, Inc. in support of its motion for summary judgment, which was subsequently denied.
At the final hearing the attorneys for the plaintiff and for Juliana, Inc., stipulated that the deposition of Akers would be admitted into evidence. The trial court found that the defendant Akers’ affidavit (deposition) taken in France “subjected him to the jurisdiction of this Court when it was taken and presented in evidence here.” The court thereafter entered judgment against Akers on the promissory notes and the alleged guaranty, since it asserted it had jurisdiction of him. The defendant Akers was not represented by an attorney at the trial and no pleadings were filed in his behalf.
*6 The case of Detmer, Bruner & Mason v. New York Cent. R. Co., 1935, 229 Mo.App. 702, 80 S.W.2d 222, concerned an action brought in a Missouri court against a citizen of the State of New York. Notice of deposition was served in New York upon the New York citizen. His deposition was thereafter taken in New York and was filed and used in the trial court in Missouri. The plaintiff contended that the taking and use of the deposition constituted a general appearance by the defendant. The court rejected this contention, holding:
******
“While as between citizens of this state, the appearing and participating by a defendant in the taking of depositions may be such as to amount to a general appearance, still, we conclude, that such an appearance of a citizen of a sister state, when depositions are being taken in said state, will not preclude such citizen from thereafter pleading as to the jurisdiction of the person in a suit pending in Missouri.”
******
There was a similar result in the case of State ex rel. Cronkhite v. Belden, 1927, 193 Wis. 145, 211 N.W. 916, 214 N.W. 460, 57 A.L.R. 1218. A party in an action in a Wisconsin court had another party appear before a Master in an Illinois court in response to a subpoena for the purpose of taking his deposition. The Wisconsin court held that an appearance in such a tribunal cannot amount to a general appearance, as it does not constitute an appearance in the action.
We agree with the rationale of these decisions. The taking and use of a deposition of one defendant, Akers, by another defendant, Juliana, Inc., in a cause does not constitute a general appearance so as to subject the defendant, Akers, to a personal judgment. The order appealed is therefore
Reversed.