WHATLEY, Judge.
Richard H. Morange, the husband, appeals an order enforcing a stipulated agreement with the wife, Joyce C. Morange. We conclude that the trial court erred in enforcing the stipulated agreement and reverse.
On June 10, 1996, a final judgment of dissolution of marriage was entered dissolving the parties’ marriage. Thereafter, both parties filed motions to enforce the final judgment. The motions were scheduled for a hearing on September 5, 1997. Prior to the hearing, the parties and their lawyers discussed a possible settlement agreement which they presented to the trial court. There was no court reporter present when the agreement was announced.
The attorneys for the parties attempted to draft a stipulated order on which the husband and wife could agree. An order was eventually executed by the wife on September 17, 1997. The stipulated order was then forwarded to the husband’s attorney for the husband’s signature. The husband refused to sign the agreement, because he did not agree on the language in paragraph four regarding who was responsible for the failure to pay certain debts. The wife wanted the stipulated order to reflect that the failure to pay the debts was not a result of her neglect, and the husband wanted the order to reflect that the failure to pay the debts was not a result of either party’s neglect.
The husband, his attorney, and the wife’s attorney met to discuss the stipulated order. They revised paragraph four so that it contained language which reflected that the failure to pay the debts was not a result of either party’s neglect. The page containing paragraph four was the only page of the agreement that was modified. The signature page, which the wife had previously signed, was left intact. The husband then signed the agreement and presented a check in the amount of $12,500 to the wife’s attorney pursuant to the agreement. It was agreed that the wife’s attorney would hold the stipulated order and the check until the wife agreed to the modifications. However, the wife refused to accept the modified order and returned the husband’s check. The wife later decided to accept the agreement as previously proposed by the husband. As such, she moved to enforce the stipulated order which she had previously rejected.
The trial court found that the parties had a binding agreement and signed the stipulated order.[1] On appeal, the husband argues that the parties never had a binding agreement because the wife first rejected his proposed agreement and he never renewed his offer. We agree.
Settlement agreements are construed according to the rules governing contracts. See Long Term Management, Inc. v. University Nursing Care Ctr., Inc., 704 *920 So.2d 669 (Fla. 1st DCA 1997). When an offer is made and rejected, the contract is not enforceable. See Juliana, Inc. v. Salzman, 181 So.2d 3 (Fla. 3d DCA 1965). Here, the wife rejected the husband’s proposed agreement and sent his cheek back to him. He never renewed his offer. Therefore, the wife’s belated decision to accept the agreement was invalid, and the agreement was not enforceable.
Alternatively, the wife argues that there was a binding oral agreement between the parties that was announced to the trial court on September 5, 1997. We agree that an oral agreement that is announced to the trial court is considered a.fully enforceable settlement agreement. See Long Term, Management, Inc., 704 So.2d at 673. However, to be judicially enforceable, a settlement agreement must be sufficiently specific and mutually agreeable regarding every essential element. Id. The party seeking enforcement of the settlement has the burden of establishing a meeting of the minds or mutual reciprocal assent to a certain proposition by competent substantial evidence. Id.
In the present case, the wife did not establish that there was a meeting of the minds, by competent substantial evidence. There is no transcript of the hearing on September 5, 1997, which is fatal to the wife’s position. Further, at the hearing on the wife’s motion to enforce the order, there was conflicting testimony regarding whether the parties had a meeting of the minds on September 5, 1997. Therefore, because the wife failed to prove by competent substantial evidence that the parties had a meeting of the minds, the trial court erred in enforcing the stipulated order.
Reversed and remanded for further proceedings consistent with this opinion.
PATTERSON, A.C.J., and SCHEB, JOHN M., Senior Judge, concur.

. The trial judge who found a binding agreement to exist was not the same judge who presided over the hearing on September 5, 1997.