SCALES, J.
concurring.
I concur with the result reached in the majority opinion, but write separately to focus on particular grounds for reversal which, in my view, are based upon Florida law fundamentals governing commercial transactions.
*910 American Bridge’s contract to construct the marina was with RCRI, a duly formed Bahamian corporation. For American Bridge to hold an RCRI shareholder, such as Marriott, liable for RCRI’s breach of contract, American Bridge was required to pierce RCRI’s corporate veil. Hilton Oil Transp. v. Oil Transp. Co., S.A., 659 So.2d 1141, 1151-52 (Fla,, 3d DCA 1995). ' The jury returned a verdict — supported by competent, substantial evidence — against American Bridge on that claim.
Regarding American Bridge’s alternate claim — that RCRI was an agent of its shareholders’ joint venture — in my view that claim should have been summarily rejected by the trial court. As a matter of law, a corporation is not a joint venture. (See footnote 2 of the majority opinion.)
As to American Bridge’s fraudulent inducement claim, if American Bridge was induced to execute the contract based on certain financial assurances, those assurances should have been memorialized in the parties’ .contract. Iden v. Kasden, 609 So.2d 54 (Fla. 3d DCA 1992). A party cannot raise a claim of fraudulent inducement when the parties’ written contract deals with the subject matter of, .or expressly contradicts, the alleged misrepresentation. TRG Night Hawk Ltd. v. Registry Dev. Corp., 17 So.3d 782, 784 (Fla. 2d DCA 2009), The parties’ written contract expressly identifies the party responsible for payment of American Bridge’s invoices which, in my view, conclusively defeats American Bridge’s fraudulent inducement claim.
Similarly, if American Bridge executed the contract based on an assumption that Mai’riott would guarantee RCRI’s contractual payment obligations, then American Bridge should have negotiated for Marriott either-to execute a written guaranty of those obligations or be made a party to the contract. Juliana, Inc. v. Salzman, 181 So.2d 3, 4 (Fla. 3d DCA 1965) (holding that Florida’s statute of frauds requires that an agreement by one party to pay the debt of another party be in writing). Not only does the contract' not contain any such guaranty, the parties’ written contract expressly, and without equivocation; refutes 'any such assurance or guaranty.