707 So.2d 356 (1998)
B.S. HOLLOWAY, Appellant,
v.
Michael H. GUTMAN, Appellee.
No. 97-398.
District Court of Appeal of Florida, Fifth District.
January 30, 1998.
Rehearing Denied March 23, 1998.
*357 Richard E. Stadler of Severs, Stadler & Harris, P.A., Titusville, for Appellant.
Curtis L. Brown and D. Frank Wright of Wright, Fulford, Moorhead & Brown, P.A., Orlando, for Appellee.
DAUKSCH, Judge.
Appellant, B.S. Holloway, appeals a final judgment entered in favor of appellee, Michael Gutman, in a breach of contract case. The issue on appeal is whether the jury's finding that the parties entered into an oral contract is supported by competent substantial evidence. We find that it is not.
The dispute in this case pertains to the parties' alleged renewal of a three-year lease with an option to buy. The evidence fails to show that the parties renewed the option to buy for a three-year term. Whether a contract is oral or written, it is essential that the parties mutually agree upon the material terms. In Strong & Trowbridge Co. v. H. Baars & Co., 60 Fla. 253, 54 So. 92 (1910) the supreme court explained that there must be mutuality of assent in order to create a contract:
In order to create a contract, it is essential that there should be a reciprocal assent to a certain and definite proposition. So long as any essential matters are left open for further consideration, the contract is not complete, and the minds of the parties must assent to the same thing in the same sense. 1 Story on Contracts, § 490; Etheredge v. Barkley, 25 Fla. 814, 6 South. 861 [(1889)].
In the making of a valid contract, the parties must not only be capable of an intelligent assent, but they must actually give their assent; and the assent must be precisely the same thing, and at the same instant of time. Consequently, if one assents to a certain thing and the other assents to it only with modifications, or if one assents to it at one time and the other at a different time, no agreement or contract arises therefrom. From this it is clear that an offer must be accepted before it can become a binding promise. While the assent of both parties must be at the same instant of time, it is not necessary that the communication shall be simultaneous.
The acceptance of an offer, to result in a contract, must be: (1) Absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly required by the offer. If a person offers to do a definite thing, and the person to whom the offer is made accepts conditionally, or introduces a new term into the acceptance, his answer is not an acceptance; but it is either a mere expression of willingness to that, or it is in effect a counter offer, which must be accepted or assented to before a contract can result.
Strong & Trowbridge Co., 54 So. at 93-94. See State v. Family Bank of Hallandale, 623 So.2d 474 (Fla.1993) (mutual assent is absolute condition precedent to contractual formation). Similarly, in David v. Richman, 528 So.2d 25 (Fla. 3d DCA 1988), the court found:
`In order that there be a contract, the parties must have a definite and distinct intention, common to both, and without doubt or difference. Until all understand *358 alike, there can be no assent, and therefore no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms.' Without a meeting of the minds, there can be no contract of any kind. [citations omitted].
Id. at 27. See Barroso v. Respiratory Care Servs., Inc., 518 So.2d 373 (Fla. 5th DCA 1987), rev. den., 525 So.2d 880 (Fla.1988) (mutual or reciprocal assent must be proven to establish oral contract).
Gutman testified at trial that Holloway had agreed to renew the original contract for a three-year term. Upon further questioning, however, he testified that he believed the three-year term was inferred saying "but the first one was a three year so the second one should be three." Annette Gutman testified that she tendered a whited-out copy of a contract to the parties to sign. When she asked Holloway how many years he wanted to renew the agreement for, he said he did not care. Because she "didn't know what to put on it (the option to buy) for numbers," the option term was left blank. Annette testified, "For what year are we going to extend this to, where are we taking it, I did not know." She explained that she had left the dates blank because she and Holloway did not know what they were going to be and because they were going to discuss them at a later date. Because the Gutmans failed to establish a renewal of the option to buy for a three-year term, the final judgment is reversed.
REVERSED.
COBB, J. and ORFINGER, M., Senior Judge, concur.