717 So.2d 63 (1998)
Jane DOE, Appellant,
v.
UNIVISION TELEVISION GROUP, INC., d/b/a WLTV-CHANNEL 23, Appellee.
No. 97-3519.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied October 1, 1998.
Scott Jay Feder, Coral Gables, for appellant.
Holland & Knight and Sanford L. Bohrer and Judith M. Mercier, Miami, for appellees.
Before COPE, FLETCHER and SHEVIN, JJ.
*64 COPE, Judge.
Plaintiff Jane Doe appeals the adverse termination of her action for invasion of privacy and related claims. We affirm in part and reverse in part.
Plaintiff-appellant Jane Doe had a facelift performed by a plastic surgeon in Costa Rica. The surgery was poorly performed and resulted in scarring in the hairline behind plaintiff's ears. The scarring was a source of embarrassment which she kept concealed by hairstyling. Plaintiff consulted a Miami plastic surgeon about repairing the damage.
In 1994, defendant-appellee WLTV Channel 23, a Miami television station, did a news program on plastic surgery, designed to alert members of the public to the fact that in obtaining plastic surgery in Costa Rica (which could be done at low cost) there had been cases in which patients had suffered bad results. Channel 23 contacted plaintiff through her Miami plastic surgeon and asked for an interview.
Plaintiff agreed to be interviewed for the broadcast, on condition that her identity would be concealed. Channel 23 agreed to use a special effect which would obscure plaintiff's face, and also agreed to electronically disguise her voice.[1]
When the broadcast took place, plaintiff's voice was not disguised. The special effect designed to conceal her face was not properly done, so that she was also visually recognizable. Immediately after the broadcast, plaintiff was called by friends who had recognized her and by her ex-husband, who ridiculed her.
Plaintiff brought this action for invasion of privacy, contending that Channel 23 had invaded her privacy by public disclosure of private facts. Plaintiff made alternative claims for negligent infliction of emotional distress, breach of contract, and promissory estoppel. The trial court granted summary judgment on the invasion of privacy claim, and dismissed the remaining claims. Plaintiff has appealed.
We conclude that summary judgment should not have been entered on the invasion of privacy claim. Florida recognizes the tort of invasion of privacy by public disclosure of private facts. See Cape Publications, Inc. v. Hitchner, 549 So.2d 1374, 1377 (Fla.), appeal dismissed, 493 U.S. 929, 110 S.Ct. 296, 107 L.Ed.2d 276 (1989). As stated there,
The Restatement (Second) of Torts defines the tort of invasion of privacy by public disclosure of private facts (private-facts tort) as follows:
Sec. 652D. Publicity Given to Private Life
One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
(a) would be highly offensive to a reasonable person, and
(b) is not a legitimate concern to the public.

Restatement (Second) of Torts Sec. 652D (1977). The elements can be summarized as 1) the publication, 2) of private facts, 3) that are offensive and 4) are not of public concern.
549 So.2d at 1377.
Here, the plaintiff had undergone plastic surgery and suffered scarring which was embarrassing to her and which she took pains to conceal. She was willing to be interviewed for the Channel 23 story, provided that her privacy was protected by concealing her face and voice. When the broadcast failed to protect her identity, the otherwise private facts of her medical treatment became public.
As stated in a similar case:
While we recognize that the right is not absolute, we agree with the Supreme Court of Missouri that "[c]ertainly if there is any right of privacy at all, it should include the right to obtain medical treatment at home or in a hospital for an individual personal condition (at least if it is not contagious or dangerous to others) without personal publicity." Barber v. *65 Time, Inc., 348 Mo. 1199, 1206, 159 S.W.2d 291, 295 (1942).
Vassiliades v. Garfinckel's, Brooks Brothers, 492 A.2d 580, 587-88 (D.C.Ct.App.1985).
Channel 23 contends that the broadcast covered a matter of legitimate concern to the public. We agree that the subject of the broadcastproblems which some local residents had experienced with foreign plastic surgeryis a topic of legitimate public concern. However, while the topic of the broadcast was of legitimate public concern, the plaintiff's identity was not. See Vassiliades, 492 A.2d at 589 ("We thus find persuasive the distinction [plaintiff] draws between the private fact of her reconstructive surgery and the fact that plastic surgery is a matter of legitimate public interest."). We conclude that the plaintiff has stated a viable invasion of privacy claim, and that summary judgment should not have been entered in Channel 23's favor.
We also reverse dismissal of the claims for breach of contract and promissory estoppel. These claims are alternatives for each other. See Youngman v. Nevada Irrigation District, 70 Cal.2d 240, 74 Cal.Rptr. 398, 449 P.2d 462, 468 (1969). The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice. See Restatement (Second) of Contracts § 90 (1981); City of Cape Coral v. Water Services of America, Inc., 567 So.2d 510, 513 (Fla. 2d DCA 1990); W.R. Grace & Co. v. Geodata Servs. Inc., 547 So.2d 919, 924 (Fla.1989); see also Cohen v. Cowles Media Co., 479 N.W.2d 387, 389 (Minn.1992) (holding that a reporter's breach of a promise of confidentiality to a source does not create a contract but is actionable under the doctrine of promissory estoppel).
The contract and promissory estoppel claims are before us after having been dismissed at the pleading stage. For present purposes we need only hold that plaintiff may plead the contract and promissory estoppel claims in the alternative. We remand for reinstatement of those claims as well.
Plaintiff also asserted a claim for negligent infliction of emotional distress. The claim was properly dismissed. The source of the plaintiff's emotional distress was the disclosure of private facts, contrary to the ground rules under which the plaintiff agreed to be interviewed. It is not independently actionable under the heading of negligent infliction of emotional distress. See Fridovich v. Fridovich, 598 So.2d 65, 69-70 (Fla. 1992).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] For present purposes we read the summary judgment record in the light most favorable to the plaintiff.