830 So.2d 924 (2002)
ADVANCED MARKETING SYSTEMS CORPORATION and Douglas Pierce, Appellants,
v.
ZK YACHT SALES and Alan Charlap, individually, Appellees.
No. 4D01-3255.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
Kenni F. Judd, Robert L. Jennings and John W. Stevens of Jennings & Valancy, P.A., Fort Lauderdale, for appellants.
Lawrence S. Ben of Chikovsky, Ben & Schafer, Hollywood, for appellees.
*925 HAZOURI, J.
The trial court granted final summary judgment against appellants, Advanced Marketing Systems Corporation (Advanced Marketing) and Douglas Pierce, on their Sixth Amended Complaint for (I) breach of contract, (II) breach of covenant of good faith and fair dealing, (III) promissory estoppel, (IV) fraudulent/negligent misrepresentation, and (V) unjust enrichment. The trial court also granted summary judgment in favor of appellees, ZK Yacht Sales, Inc., and Alan Charlap, on their counterclaims for (I) account stated and (II) breach of an oral contract and denied appellants' motion to amend their affirmative defenses to these counterclaims. We affirm summary judgment on the complaint, reverse summary judgment on the counterclaim and remand for further proceedings.
The appellants' claim and the appellees' counterclaim arise from the purchase of a motor yacht know as the "Bondo." On November 29, 1997, Advanced Marketing entered into a purchase agreement for the Bondo with Poseidon Marine Limited, the seller, and ZK Yacht Sales, the authorized selling broker. The agreement provided for a purchase price of $2 million and a commission of $140,000 to be paid to ZK Yacht Sales. The agreement contained an integration clause and an amendment clause which provide:
20. Entire Agreement. This Agreement constitutes the entire agreement between the parties. There are no other terms, conditions, promises, undertakings, indemnities, statements, representations or warranties express or implied, concerning the transactions contemplated by this Agreement. This Agreement supersedes any prior agreement or understanding between them, oral or written, all of which are hereby cancelled.
21. Amendment. Except as otherwise provided herein, the provisions hereof may be amended, supplemented, waived or changed, only by a writing that makes specific reference to this Agreement and is signed by the party as to whom enforcement of any amendment, supplement, waiver or modification agreement [sic].
On December 3, 1997, Charlap signed a handwritten document in his capacity as president of ZK Yacht Sales in which he wrote:
I Alan Chalap president of ZK Yacht Sales will return to Douglas Pierce Purchaser of the Vessel Bondo a 1991 96' Versilcraft $90,000 on the signing of the listing on the Vessel Bondo to be renamed. These funds will be paid on or before 12/12/97.
The purchase agreement provided for inspections, surveys, and sea trial by the appellants before requiring their acceptance or rejection of the Bondo by December 5, 1997. The purchase agreement provided for the closing of the sale to occur on or before December 12, 1997. On December 5, 1997, the parties closed on the yacht. A closing statement was approved and signed by Advanced Marketing through its president, Douglas Pierce. It provided for the disbursement of the yacht brokerage commission in the amount of $140,000 to ZK Yacht Sales. On that same day, Charlap presented to Pierce a three-year listing agreement for the resale of the Bondo but Pierce refused to sign because the listing period was too long. Appellants subsequently filed suit against appellees for the return of $90,000. Appellants allege that, prior to executing the purchase agreement, appellees agreed to return $90,000 of the commission to them after the sale was completed. Appellees deny they agreed to this rebate except as conditioned in the handwritten offer.
*926 Appellees filed a motion for summary judgment on appellants' Sixth Amended Complaint arguing that the integration clause precluded recovery on any oral agreements which may have been made before the purchase agreement was executed. Appellees also argued that there could be no reliance on Charlap's handwritten document, because Pierce never entered into a listing agreement. The trial court granted appellees' motion and entered Partial Summary Judgment for appellees on the Sixth Amended Complaint.
Appellees' counterclaim is for $39,527.55, which they incurred providing goods and services for the Bondo at appellants' request. There is no issue of fact concerning appellants' agreement with appellees to provide the goods and services. At the hearing on appellees' motion for summary judgment on the counterclaim, appellants argued that appellees were estopped on this claim because appellants only agreed to accept the goods and services provided by ZK Yacht Sales in reliance upon appellants' understanding that appellees were going to return $90,000 of the commission. Appellees responded that appellants did not sufficiently plead the affirmative defense of estoppel. Appellants argued that they sufficiently pled estoppel and, alternatively, requested leave to amend their affirmative defenses. The trial court disregarded appellants' motion and agreed with appellees' argument that the affirmative defenses pled were insufficient. Appellees' motion for summary judgment was granted. Appellants thereafter filed a motion to amend their affirmative defenses, which the trial court denied, thereafter entering final judgment for appellees on their counterclaim.
On Count I for breach of contract, appellants allege that prior to entering into a formal contract for the purchase of the Bondo or any yacht, appellees orally agreed to provide a substantial discount to appellants on any brokerage commission on any purchase. Appellants allege that appellees breached this agreement by failing to return $90,000 from the commission appellees received on this transaction. The purchase agreement provides for the payment of the entire commission to appellees with no provision for a discount. The purchase agreement also provides that it "supercedes any prior agreement or understanding between [the parties], oral or written" and that all prior agreements are canceled. The trial court concluded that the written purchase agreement was unambiguous, and in light of the integration clause, may not be varied by oral statements. It further found that appellees did not breach any obligation imposed by the written agreement and entered summary judgment on this count in appellees' favor.
Appellants first argue that appellees are not parties to the contract and therefore are not entitled to rely on the integration clause. This argument is without basis in fact because the contract specifically provides on the signature page of the purchase agreement that "the parties have executed this Agreement" below which all three parties, Charlap for ZK Yacht Sales, Poseidon Marine Limited's agent, and Pierce, signed the purchase agreement.
Appellants next argue that Charlap's handwritten document is a contract collateral to, but independent of, a contract of sale that is not precluded by the existence of an integration clause. See Attanasio v. Excel Dev. Corp., 757 So.2d 1253, 1255 (Fla. 4th DCA 2000). Appellees respond that the handwritten document is not a contract and, therefore, there is nothing to enforce. We agree.
In Holloway v. Gutman, 707 So.2d 356 (Fla. 5th DCA 1998), the fifth district held:
In order to create a contract, it is essential that there should be a reciprocal *927 assent to a certain and definite proposition. So long as any essential matters are left open for further consideration, the contract is not complete, and the minds of the parties must assent to the same thing in the same sense.
Id. at 357 (quoting Strong & Trowbridge Co. v. H. Baars & Co., 60 Fla. 253, 54 So. 92, 93 (1910)).
"Where an offer of guaranty or any contract is made and delivered subject to a condition which is not accepted, such a guaranty or contract is not enforceable." Juliana, Inc. v. Salzman, 181 So.2d 3, 4 (Fla. 3d DCA 1965). The handwritten document is an offer by Charlap to pay Pierce $90,000 in return for the listing of Pierce's yacht Bondo. As a listing agreement was never signed, the contract is not complete and appellants are not entitled to its enforcement.
In the alternative, appellants argue that the handwritten document is a subsequent written modification because "[t]he parties to a contract may modify the written agreement by subsequent oral agreement or course of dealing with one another despite the requirement of a writing in order to modify." Linear Corp. v. Standard Hardware Co., 423 So.2d 966, 968 (Fla. 1st DCA 1982). However, the decision in Linear was based upon a finding of a waiver of the requirement that a subsequent modification be in writing and that a subsequent modification actually occurred. We find the decision in Linear is inapplicable because Charlap's offer was never accepted and a subsequent modification never occurred.
Appellants next argue that the trial court should not have granted appellees' motion for summary judgment with respect to appellants' promissory estoppel claim. In appellees' summary judgment motion, they argue that promissory estoppel is an affirmative defense and not a cause of action. Alternatively, they argue that appellants' promissory estoppel claim lacks the required element of detrimental reliance. On appeal appellants argue that they adequately pled the elements of a claim for promissory estoppel and there remain issues of material fact which preclude summary judgment on this claim.
In W.R. Grace and Co. v. Geodata Services, Inc., 547 So.2d 919 (Fla.1989), the supreme court held that the theory of promissory estoppel could be applied under the following circumstances:
The basic elements of promissory estoppel are set forth in Restatement (Second) of Contracts § 90 (1979), which states:
(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.
The character of the reliance protected is explained as follows:
The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. Satisfaction of the latter requirement may depend on the reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy sought, on the formality with which the promise is made, on the extent to which the evidentiary, cautionary, deterrent and channeling functions of form are met by the commercial setting or otherwise, and on the extent to which such other policies as the enforcement *928 of bargains and the prevention of unjust enrichment are relevant.
Id. (emphasis added).
547 So.2d at 924. Thus, the supreme court has held that a cause of action for promissory estoppel does exist. In Doe v. Univision Television Group, Inc., 717 So.2d 63, 65 (Fla. 3d DCA 1998), the court held that "[t]he doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice."
Appellants allege in their complaint that appellees agreed to rebate $90,000 and the subsequent handwritten document offering that amount in return for a listing agreement induced them to offer to purchase the Bondo and, after the seller accepted, to confirm the purchase agreement after the sea trials and survey. Appellants gave their final acceptance of the purchase agreement which contained the integration clause and the specific amount of the commission to be paid appellees with no mention of the rebate. Promissory estoppel is unavailable in this case because a written contract between the parties covered the sale of the yacht and the commissions due to the broker. See Jhaver v. Zapata Off-Shore Co., 903 F.2d 381, 385 (5th Cir.1990) (observing that "[u]nder Texas law, a contract comprising the disputed promise precludes recovery under promissory estoppel"); Borowski v. State Chem. Mfg. Co., 97 Ohio App.3d 635, 647 N.E.2d 230, 235 (1994) (holding that "[p]romissory estoppel does not apply to oral statements made prior to the written contract, where the contract covers the same subject matter"). "`Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract."' Gen. Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1042 (6th Cir.1990), (quoting Walker v. KFC Corp., 728 F.2d 1215, 1220 (9th Cir.1984)). Here, the performance that satisfied the detrimental reliance requirement of appellant's promissory estoppel theoryappellant's purchase of the Bondois the same performance which represents consideration for the written purchase agreement so that the doctrine of promissory estoppel is not applicable. See Gen. Aviation, 915 F.2d at 1042.
The trial court also found in favor of appellees on appellants' claim for fraudulent misrepresentation. Appellants argue, citing Mejia v. Jurich, 781 So.2d 1175 (Fla. 3d DCA 2001), that "[t]he existence of a merger or integration clause, which purports to make oral agreements not incorporated into the written contract unenforceable, does not affect oral representations which are alleged to have fraudulently induced a person to enter into the agreement." Id. at 1178.
However, the holding in Mejia is limited to when the subject of the oral agreement is not covered by the contract. As this court held in Hillcrest Pacific Corp. v. Yamamura, 727 So.2d 1053 (Fla. 4th DCA 1999), "a party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract." Id. at 1056. The subject of appellees' commission is adequately covered by the purchase agreement and precludes appellants' recovery in fraud.
As stated above, appellees counterclaimed against appellants for an account stated and breach of an oral contract. ZK Yacht Sales provided an engine survey, insurance, and other services in connection with the purchase of the Bondo for which appellants agreed to reimburse ZK Yacht Sales. This is a separate agreement from the purchase agreement and is not subject to an integration clause. Appellant's defense appears to be that its agreement to *929 accept goods and services and to pay for them was contingent upon ZK Yacht Sales' reimbursement of the $90,000 commission. Issues of fact remain. Appellant's motion to amend their affirmative defenses should have been granted.
In conclusion, we affirm the summary judgment against appellants on their claims and reverse the summary judgment in favor of appellees on appellees' counterclaims.
AFFIRMED in part; REVERSED in part.
WARNER and GROSS, JJ., concur.