BAILEY, JENNIFER D„ Associate Judge.
The trial court granted final summary judgment against appellant, Stanley Sie-gel, disposing of his breach of employment contract case. We reverse.
Summary judgment should be granted where there is no genuine issue of material fact and where the movant is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c); Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). Summary judgment is prohibited where there are genuine issues of material fact. Id. Our standard of review is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). In this case, there are genuine issues of material fact reflected in the respective affidavits of the parties.
The affidavits establish that Siegel was employed as Chief Financial Officer of NewAgeCities.Com, Inc. (“NewAgeCities”), on April 1, 1999. The terms and conditions of his two-year employment, including termination provisions, were memorialized in a written contract. The contract also provided that it could be changed only by written modification signed by both parties.
The company suffered financial setbacks and Siegel was terminated in May 2000. Siegel brought suit against NewAgeCities and its subsequent merger partner, Genesis Technology Group, Inc. (“Genesis”), alleging breach of the employment contract.
NewAgeCities and Genesis moved for summary judgment, relying upon an unsigned handwritten letter authored by Sie-gel purporting to alter the termination provisions of the contract. The affidavit of NewAgeCities’s president asserted that the parties acted in conformity with the unsigned handwritten letter. Siegel’s affidavit in opposition to summary judgment declared that the handwritten letter was never signed or implemented. There are also factual conflicts as to the parties’ post-May conduct: NewAgeCities asserts that Siegel agreed to termination and then subsequently “volunteered” his services; Sie-gel asserts that he never quit and was ready, willing and able to work and was called upon by NewAgeCities to perform the duties and responsibilities of his job from time to time. Siegel also asserts that he was repeatedly assured that both companies would honor the original contract. *1276 However, NewAgeCities and Genesis assert that the parties were operating under the handwritten letter.
The trial court, in entering summary judgment, relied upon a series of cases which establish the premise that an unsigned contract may be binding and enforceable where the parties perform under the contract, because assent may be shown by the parties’ conduct. See Consol. Res. Healthcare Fund I, Ltd. v. Fenelus, 853 So.2d 500 (Fla. 4th DCA 2003); Integrated Health Servs. of Green Briar, Inc. v. Lopez-Silvero, 827 So.2d 338 (Fla. 3d DCA 2002); Sosa v. Shearform, Mfg., 784 So.2d 609 (Fla. 5th DCA 2001). However, in this case, there is a written contract in place providing that modification may occur only in writing and signed by both parties. While the parties to a contract may waive a written contractual requirement that a subsequent modification be in writing, as discussed in Advanced Marketing Systems Corp. v. ZK Yacht Sales, 830 So.2d 924 (Fla. 4th DCA 2002), the record in this case is silent as to any intentional waiver of the modification provision.
Due to the existence of genuine issues of material fact prohibiting the entry of summary judgment, we REVERSE AND REMAND for further proceedings.

Reversed and Remanded.

WARNER and KLEIN, JJ., concur.