[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2011
JOHN LEY
CLERK

_____

No. 09-14336

_____

D. C. Docket No. 05-00328-CV-OC-10-GRJ

WHITE HOLDING COMPANY, LLC,
a Florida corporation,
f.k.a. White Construction Company, Inc.,
LIMEROCK INDUSTRIES, INC.,
a Florida corporation,

Plaintiffs-Appellants,

versus

MARTIN MARIETTA MATERIALS, INC.,
a foreign corporation,
MARTIN MARIETTA MATERIALS OF FLORIDA, LLC,
a foreign limited liability company,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 19, 2011)

Before MARTIN, BLACK and RESTANI,[*] Circuit Judges.

PER CURIAM:

White Holding Company, LLC and Limerock Industries, Inc. (collectively, White Construction) appeal the district court's order granting summary judgment in favor of Martin Marietta Materials, Inc. and Martin Marietta Materials of Florida, LLC (collectively, Martin Marietta) in a diversity action for: (1) fraud in the inducement regarding the Mining Services Agreement (MSA); (2) quantum meruit; (3) unjust enrichment; and (4) promissory estoppel in violation of Florida law. White Construction also contends the district court erred by admitting the MSA into evidence at trial. In addition, White Construction argues the district court committed reversible error by denying its motion to alter or amend the judgment.[1] Upon review of the parties' briefs and the record, and after the benefit of oral argument, we affirm.

---

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[1] As an alternative equitable remedy, White Construction requests this case be remanded to the district court with instructions to allow it to amend its pleadings to add a claim for reformation of the MSA and breach of the reformed MSA. However, an examination of the pleadings before the district court indicates that, after three amended complaints, White Construction never mentioned this issue. Thus, we decline to address this argument because it was not presented before the district court. *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1282 n.3 (11th Cir. 2009) (explaining arguments not raised before the district court are waived on appeal).

# I. DISCUSSION

## A. *Motion for Summary Judgment*

We first decide whether the district court erred in granting summary judgment on White Construction's fraud in the inducement, unjust enrichment, quantum meruit, and promissory estoppel claims. We review de novo a district court's grant of summary judgment. *Evanston Ins. Co. v. Stonewall Surplus Lines Ins. Co.*, 111 F.3d 852, 858 (11th Cir. 1997).

### *1. Fraud in the Inducement to Sign the MSA*

White Construction argues Martin Marietta fraudulently induced it to enter into the MSA. White Construction contends Martin Marietta falsely promised that: (1) the MSA would terminate upon the conclusion of the criminal proceedings; and (2) Martin Marietta would honor the terms of the Letter of Intent (LOI) and purchase its remaining assets for $15.5 million. White Construction asserts when Martin Marietta made these statements, Martin Marietta knew its promises were false because it had no intention of purchasing its assets at the conclusion of the criminal proceedings.[2] Therefore, White Construction asserts there remains a

---

[2] In White Construction's third amended complaint, it also argues Martin Marietta falsely stated it would properly manage the Clifton, O'Neal, and Cabbage Grove quarries. Further, White Construction argues it reasonably relied on Martin Marietta's false statements to its detriment because it lost the lease of the O'Neal and Clifton quarries due to Martin Marietta's failure to renew the leases. This argument was not briefed on appeal and is, therefore, deemed abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

genuine issue of material fact as to whether it justifiably relied upon Martin

Marietta's false statements when it executed the MSA with Martin Marietta

Florida.[3]  This argument has no merit.

To recover on a claim for fraud in the inducement, a plaintiff must allege

"(a) the representor made a misrepresentation of a material fact; (b) the representor

knew or should have known of the falsity of the statement; (c) the representor

intended that the representation would induce another to rely and act on it; and

(d) the plaintiff suffered injury in justifiable reliance on the representation."

*Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. 5th DCA 2004) (alteration

omitted).  As a general rule in Florida, fraud in the inducement "cannot be

predicated upon a mere promise not performed."  *Alexander/Davis Props., Inc. v.

Graham*, 397 So. 2d 699, 706 (Fla. 4th DCA 1981).  Moreover, "a fraud claim

---

[3] White Construction argues Martin Marietta was not a party to the MSA.  White Construction never meaningfully distinguished between Martin Marietta and Martin Marietta Florida in their third amended complaint or in their response to Martin Marietta's summary judgment motion.  However, White Construction attempted to raise this argument late in the summary judgment process.  White Construction filed a Motion for Leave to File a Motion to Supplement Their Response to the Defendants' Motion for Summary Judgment seeking permission to supplement their response to Martin Marietta's motion for summary judgment to include the argument Martin Marietta was not a party to the MSA.  The district court denied the motion, concluding as stated in an earlier order that "further briefing will not aid this Court in addressing the pending Motion for Summary Judgment."  White Construction does not appeal the district court's denial of their Motion for Leave to File a Motion to Supplement Their Response to Defendants' Motion for Summary Judgment.  As White Construction does not appeal the denial of that motion, they have abandoned any argument the district court abused its discretion in denying that motion.  *See Tanner Adver. Grp., LLC v. Fayette County, Ga.*, 451 F.3d 777, 785-86 (11th Cir. 2006).

cannot be premised on a promise to do something in the future except where the promise is made without any intention of performing or made with the positive intention not to perform." *Thompkins v. Lil' Joe Records, Inc*., 476 F.3d 1294, 1316 (11th Cir. 2007) (quotations omitted).

White Construction has not established a viable claim for fraud in the inducement. First, we reject White Construction's argument that Martin Marietta made a misrepresentation of material fact. At most, White Construction alleges Martin Marietta made a mere promise not performed, which cannot form the predicate for actionable fraud. Second, White Construction has not proffered any evidence to show that at the time the MSA was executed, Martin Marietta knew these alleged statements were false. Moreover, according to the terms of the MSA, Martin Marietta included an option to purchase White Construction's assets. This language expressly reserves Martin Marietta's right to purchase White Construction's assets at its discretion. Due to the express reservation of discretionary purchase power, White Construction has not shown Martin Marietta intended for White Construction to rely and act on the alleged false promise. Furthermore, White Construction was not only aware of the option to purchase, but unsuccessfully attempted to negotiate to have the clause removed. Despite its efforts, White Construction eventually agreed to the option to purchase clause

5

while aware the terms of the MSA directly contradicted the alleged oral promises. Thus, we are unable to conclude White Construction justifiably relied on any alleged promise that Martin Marietta would purchase its assets for $15.5 million once the criminal proceedings settled. Accordingly, the district court did not err in denying White Construction's claim of fraud in the inducement to sign the MSA.

## 2. *Unjust Enrichment and Termination Agreement*

Next, White Construction raises the equitable remedy of unjust enrichment. White Construction asserts it signed the Termination Agreement only because Martin Marietta promised to purchase its assets for $15.5 million at the conclusion of the criminal proceedings. White Construction argues because it relinquished its rights, Martin Marietta was able to reap the benefits of mining limerock at the quarry. Therefore, it would be inequitable for Martin Marietta to retain these proceeds. In short, White Construction asserts there remains a genuine issue of material fact on its unjust enrichment claim. This argument is without merit.

"In Florida, the essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that would make it inequitable for him to retain it

6

without paying the value thereof.'" *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009) (quotations and alteration omitted).

However, the equitable remedy of unjust enrichment is not available "to prove entitlement to relief if an express contract exists." *Ocean Commc'ns , Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007). "It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter." *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984).

With respect to the purchase of White Construction's assets, we agree with the district court's conclusion the MSA is an express contract concerning the same subject matter. Rather than purchasing the assets for $15.5 million, the MSA shows Martin Marietta was given the option to purchase White Construction's assets at fair market value. Because the MSA is proof of an express agreement between the parties as to the purchase of White Construction's assets, this would defeat rather than sustain a cause of action of unjust enrichment, and we will not imply a contract where a valid one exists. Furthermore, the record indicates White Construction received the compensation it bargained for under the terms of the MSA. Accordingly, the district court did not err in denying White Construction's unjust enrichment claim.

7

*3. Quantum Meruit*

White Construction contends it had an implied contract with Martin Marietta. Under the terms of the implied contract, Martin Marietta was to purchase: (1) all properties owned or leased by White Construction, (2) all of White Construction's assets used in the mining operations at the Cabbage Grove, O'Neal, and Clifton quarries, and (3) any assets subject to a capital lease involved with operations at the quarries. In exchange for these assets, White Construction asserts Martin Marietta promised to pay it $15.5 million, as well as certain accounts receivable, once the criminal proceedings against it concluded. White Construction asserts it partially performed the implied contract by entering into a Termination Agreement with Foley Timber and Land Company (Foley) to relinquish its lease on the Cabbage Grove quarry. Signing the Termination Agreement permitted Martin Marietta to execute a lease with Foley in its place. White Construction contends because it relinquished its rights, Martin Marietta was able to reap the benefits of mining limerock at that quarry. White Construction asserts the implied contract was breached when Martin Marietta failed to purchase White Construction's assets for $15.5 million at the conclusion of White's criminal proceedings as agreed. White Construction contends the MSA does not cover the subject matter of this implied contract.

"Under Florida law, to satisfy the elements of quantum meruit, a plaintiff must show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it.'" *Babineau v. Fed. Express Corp*., 576 F.3d 1183, 1194 (11th Cir. 2009) (quotations and alterations omitted). The equitable relief of quantum meruit "is founded upon the legal fiction of an implied contract," and "cannot be maintained . . . when the rights of the parties are described in a written contract." *Corn v. Greco*, 694 So. 2d 833, 834 (Fla. 2d DCA 1997).

As a threshold inquiry to the quantum meruit analysis, the record reflects there is an express agreement establishing Martin Marietta had an option to purchase White Construction's assets for fair market value. The MSA created no obligation for Martin Marietta to purchase White Construction's assets for $15.5 million. Accordingly, the district court did not err in its conclusion that White Construction could not pursue an equitable theory such as a quantum meruit claim due to the existence of the MSA.

*4. Promissory Estoppel*

The elements required to establish promissory estoppel liability under Florida law are: (1) a promise made by the promisor; (2) "which the promisor

9

should reasonably expect to induce action or forbearance on the part of the promisee," (3) that in fact induced such action or forbearance, and that (4) "injustice can be avoided only by enforcement of the promise." *See W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989) (quoting Restatement (Second) of Contracts § 90 (1979)). Thus, the equitable relief of promissory estoppel applies if the promisor makes a promise "which he should reasonably expect" to cause the promisee either to take some action or forego taking action. *Mount Sinai Hosp. of Greater Miami, Inc. v. Jordan*, 290 So. 2d 484, 486 (Fla. 1974).

White Construction's argument that promissory estoppel is appropriate because Martin Marietta made oral promises pursuant to the LOI to purchase its assets for $15.5 million at the conclusion of the criminal proceedings is unpersuasive for three reasons. First, the record reflects the alleged oral promises were made prior to the execution of the MSA and its inclusion of a valid merger clause. White Construction contends it reasonably relied upon Martin Marietta's promises to its detriment because it lost the lease on the Cabbage Grove quarry and the sale of limerock mined from the quarries. However, in light of the express terms of the MSA, Martin Marietta would not have reasonably expected, or foreseen, that White Construction would have relied on any alleged oral promise

10

made prior to that agreement. The merger clause explicitly states the MSA represents "the entire understanding and agreement between the parties with respect to that subject matter." Thus, we agree with the district court that the presence of the merger clause belies the assertion White Construction reasonably relied on Martin Marietta's oral promises to purchase its assets for $15.5 million.

Second, promissory estoppel is not available as a remedy when the parties have a written contract addressing the relevant issues; the contract's silence about particular details is not controlling as long as the contract purports to address the broadly disputed issues. *See Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 928 (Fla. 4th DCA 2002) (explaining promissory estoppel is not available for oral promises because the written contract covered the disputed issues). Here, the MSA adequately addressed the terms for the purchase of White Construction's assets. Because the record indicates the MSA covers the same subject matter disputed, the relief of promissory estoppel is not applicable.

Third, enforcement of the promise to honor the terms of the LOI does not render the outcome that White Construction contemplates. The LOI states: "This letter is not intended to create nor should it be construed as creating any legal obligation to conclude this transaction under the terms outlined herein." Hence, the LOI does not memorialize a final contractual agreement. Rather, the LOI was

11

for "discussion purposes only" and was merely intended to facilitate negotiations and the formation of a future "definitive contract."

In Florida, "[i]t is well established . . . that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract, and where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds." *Midtown Realty, Inc. v. Hussain*, 712 So. 2d 1249, 1251 (Fla. 3d DCA 1998). The LOI merely demonstrates the ongoing negotiation between the parties and not a meeting of the minds. *See id*. (stating when "the parties intend that there will be no binding contract until the negotiations are reduced to a formal writing, there is no contract until that time"). Therefore, the LOI does not create an obligation for Martin Marietta to buy White Construction's assets for $15.5 million as suggested. Accordingly, the district court did not err in denying White Construction's promissory estoppel claim.

*B. Evidence Admitted at Trial*

White Construction contends the district court abused its discretion by denying its motion *in limine* to exclude the MSA and related negotiations into evidence at trial. "We review a district court's rulings on the admissibility of evidence for an abuse of discretion." *Morgan v. Family Dollar Stores, Inc.*, 551

12

F.3d 1233, 1281 n.75 (11th Cir. 2008). "The district court possesses broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue." *United States v. Smith*, 459 F.3d 1276, 1295 (quotations omitted).

The district court did not abuse its discretion in admitting the MSA into evidence at trial. The MSA tended to prove whether or not Martin Marietta ever made promises to purchase White Construction's assets for $15.5 million at the conclusion of the criminal proceedings and whether or not it ever intended to perform that promise. Accordingly, we conclude the district court made no error in denying White Construction's motion *in limine*.

## C. *Motion to Alter or Amend the Judgment*

Finally, White Construction argues the district court erred by denying its Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. Specifically, White Construction asserts the jury should not have answered Special Interrogatory No. 13 because it was instructed to consider the waiver defense interrogatory only if it found in favor of White Construction on one of its claims, which it did not. Therefore, White Construction contends an answer to this interrogatory was inconsistent with the jury instructions, was extraneous, and should have been ignored because it was not determinative to the overall issue of liability.

13

"We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). The district court ruled there was "no basis in fact or in law for amending the judgment based upon an alleged 'inconsistency' in the verdict which has no affect upon the result" because "the form of the judgment would remain the same." We find no error with this decision. Accordingly, we conclude the district court did not abuse its discretion.

## II. CONCLUSION

For the foregoing reasons, we conclude the district court did not err in granting summary judgment in favor of Martin Marietta. We also conclude White Construction's evidentiary claim has no merit, and the district court did not abuse its discretion in denying White Construction's Rule 59(e) motion. Thus, we affirm.

**AFFIRMED**.