# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1109
LT Case No. 2019-CA-0327

_____

RITI FINANCIAL, LLC,

    Appellant,

    v.

DAKSHA BEN PATEL,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Steven G. Rogers, Judge.

Robert Scavone Jr., William D. Palmer, and Shannon McLin, of
Florida Appeals, Orlando, for Appellant.

Kristen M. Fiore, of Akerman LLP, Tallahassee, Christian P.
George and Ashlea A. Edwards, of Akerman LLP, Jacksonville,
and Jay R. Thakkar, of Goldman, Monaghan, Thakkar & Bettin,
P.A., Cocoa, for Appellee.

June 7, 2024

JAY, J.

    In this case involving an alleged oral contract between a
dormant business and a deceased person, the trial court entered a
summary judgment. We affirm.

## I.

Appellant is a single-member LLC based in New Jersey. Bharat Patel ("Bharat") is the single member. Appellant has been dormant since at least 2009. Other than Bharat, the LLC had no managers or employees.

Bharat's wife and Appellee ("Daksha") are cousins. In 2004, Bharat and his wife had dinner with Daksha and her husband ("Raju"). Following that dinner, Appellant wired Raju $850,000. Appellant issued this apparent loan without a written contract. Afterwards, Raju bought a motel. Raju owned the motel individually, and Appellant had no security interest in the property.

From 2005 to 2009, Raju made purported interest payments on the loan. Even though Raju stopped making payments in 2009, no claims were made against him. In 2013, Raju died. Appellant made no claims against Raju's estate, which closed in 2014.

Through probate, Daksha became the owner of Raju's motel. In 2017, she sold it. In 2019, Appellant sued Daksha for accounts stated, breach of contract, breach of fiduciary duty, fraud, and unjust enrichment. Appellant maintained that it formed an oral loan contract with Raju and Daksha in 2004, and that after Raju died, Daksha assured Bharat that she would repay the loan.

In her deposition, Daksha disclaimed any involvement in the transaction. Meanwhile, in his deposition, Bharat made several significant admissions. For example, he conceded that he could not say whether Daksha joined the alleged 2004 oral contract:

> Q: And during that dinner, do you remember discussing it directly with Daksha, that she would be – and that she understood the oral agreement and that she would be a part of that?
>
> A: **This, I cannot say yes or no**. . . . **I think** she understand, too.

(Emphasis added.)

2

Bharat testified that to issue the loan, he wrote a check from Appellant's account to Raju. Daksha's name is not on the check, which states "Loan" on the memo line. After Raju's bank told Raju that it would take several days for the check to clear, he asked Bharat to wire him the money instead. Like the check, the wire transfer was to Raju only, making no mention of Daksha.

Raju "never g[ave] the date of when" he would repay the loan. He also did not tell Bharat that Daksha was involved in his plans for repayment. When Raju made payments, Bharat recorded them in a handwritten ledger under Raju's name, not Daksha's. Bharat emailed with Raju about the loan, but "never with Daksha." In 2011, Bharat drafted a promissory note—which Raju did not sign—that identified Raju as the lone promisor. Bharat repeatedly acknowledged that he had no contact with Daksha after Raju died:

Q: Okay. Did you speak with Daksha at any point?

A: No.

(. . .)

[Q]: Did you ever, from that point – from Raju's passing to now, have you ever spoken with Daksha about the loan – the loan or the motel?

A: No. Not personally.

Q: Have you spoken with Daksha about the payments on the loan?

A: No.

Q: Have you had any email correspondence between you and Daksha after Raju passed away about the payments on the loan, the motel, or the property?

A: No.

(. . .)

3

Q: But Daksha never agreed to you that she owed any particular balance.

A: No. I – I never talk with Daksha after Raj passed away.

Q: Okay. Was Daksha ever provided, to your knowledge, with a statement of how much she owed or was owed on the loan?

A: No.

Bharat alleged that Daksha promised she would repay the loan; however, he testified that she "always" made these supposed promises to Bharat's wife. Bharat was not present for these discussions between his wife and Daksha. And he agreed that his wife "was never an employee or officer or director or a manager" of his company.

Ultimately, the trial court granted Daksha's motion for summary judgment. Appellant urges that aside from its claim for accounts stated, summary judgment was improper.

## II.

A summary judgment movant must show (1) the absence of a "genuine dispute as to any material fact" and (2) entitlement "to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "The court views the evidence in a light most favorable to the non-moving party, and a genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for that party." *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023). On appeal, the standard of review is de novo. *See id.*

The trial court found there is no genuine dispute that Daksha was not a party to the 2004 oral loan agreement and that she did not communicate with Appellant about the agreement. We agree with these findings, which are fatal to Appellant's claims.

Oral contracts are subject to the same "basic" formation requirements as written contracts, namely, "offer, acceptance,

4

consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). Thus, "[t]o state a cause of action for breach of contract, a Plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to 'a certain and definite proposition' and left no essential terms open." *Plumbing Serv. Co. v. Progressive Plumbing, Inc.*, 952 So. 2d 1211, 1213 (Fla. 5th DCA 2007) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civ. Constr., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999)).

Viewing Bharat's version of events in a light most favorable to his company, Bharat had a dinner conversation twenty years ago with Raju and Daksha in which Bharat agreed that his single-member LLC would loan money for the purchase of a motel. Bharat thinks—but "cannot say yes or no"—that Daksha understood that she joined this agreement. None of the purported terms—such as when the loan would be repaid—were ever reduced to writing, and the only documentation that does exist—an undeposited check, a wire transfer receipt, a drafted promissory note, a motel deed, and Bharat's handwritten payment ledger—pertains exclusively to Raju. Daksha is never mentioned. Based on this record, no reasonable jury could find that Daksha and Appellant mutually assented to "a certain and definite proposition" for the acceptance of a loan and its eventual repayment. *See Holloway v. Gutman*, 707 So. 2d 356, 357 (Fla. 5th DCA 1998) ("Whether a contract is oral or written, it is essential that the parties mutually agree upon the material terms."); *see also Winter Haven Citrus Growers Ass'n v. Campbell & Sons Fruit Co.*, 773 So. 2d 96, 97 (Fla. 2d DCA 2000) ("C & S failed to prove the existence of an enforceable oral contract because it failed to prove that it and WHCGA had agreed upon such material terms as the amount of fruit to be packed and the time for performance.").

Further, Daksha and Bharat—Appellant's sole member— never communicated about the loan in all the years that followed. Given this absence of contact, no reasonable jury could find that Daksha made actionable statements in which she assumed responsibility for the loan or otherwise incurred liability to Appellant—an inactive LLC with which she had no dealings.

5

## III.

Reversal of a summary judgment for the defendant is appropriate when "the evidence is such that a reasonable jury *could* find for the plaintiff." *Welch*, 357 So. 3d at 1280. Here, because the evidence would not allow a reasonable jury to find for Appellant on any of its claims, we affirm the summary judgment for Daksha.

AFFIRMED.

WALLIS and HARRIS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____