DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from judgments of the Lucas County Court of Common Pleas that granted summary judgment in favor of appellee and denied appellant's motion for relief from judgment pursuant to Civ. R. 60(B). For the following reasons, this court affirms the judgments of the trial court.
 {¶ 2} Appellant Bertha Jane Ogle sets forth three assignments of error:
 {¶ 3} "First Assignment of Error
 {¶ 4} "I. The trial court failed to consider appellant's verified complaint and thus erred in granting summary judgment.
 {¶ 5} "II. The trial court erred in not requiring appellee to demonstrate evidence of the absence of material fact on all essential elements of the two non-verified causes of action and thus erred in granting summary judgment.
 {¶ 6} "Second Assignment of Error
 {¶ 7} "III. The trial court erred in not holding a hearing on appellant's Civ. R. 60(B) motion.
 {¶ 8} "Third Assignment of Error
 {¶ 9} "IV. The trial court erred in failing to grant appellant's Civ. R. 60(B) motion."
 {¶ 10} In 1996, appellant and appellee entered into a relationship. In 1999, appellant sold her home and moved into appellee's house. Several months later, appellant quit her job. Appellant alleges appellee insisted she stop working. During the time they lived together, appellee gave appellant $100 each week for spending money. He also bought her a car, paid her car insurance, provided her with medical insurance and paid all of their living expenses. Appellant also alleges appellee promised her she could live with him for the rest of her life. Appellee asserts he asked appellant to leave the home in early 2003 and gave her ample opportunity to locate other housing. According to appellant, however, she first learned appellee wanted her to move out when a stranger handed her a note as she left the hairdresser on September 3, 2003. The note stated that, effective immediately, she would no longer be permitted to reside in appellee's home, the locks had been changed, and her possessions would be delivered to whatever location she desired. Appellant immediately contacted an attorney and, later that day, filed a complaint along with a request for a restraining order and preliminary and permanent injunctions preventing appellee from interfering with her access to the home. On September 4, 2003, a hearing was held and the parties settled the issues of injunctive relief. The parties also agreed that a temporary restraining order should not be issued. Appellee agreed to pay appellant $5,350 by the end of the day and arrangements were made for appellant to remove her possessions from the house. All other matters in the complaint were continued.
 {¶ 11} On November 7, 2003, appellant filed an amended complaint in which she alleged appellee violated several promises to her and that she had relied on those promises when she quit her job, sold her house, and moved in with him. Appellant also alleged appellee's self-help eviction was in violation of Ohio statutory and common law; appellee was unjustly enriched in the amount of $10,000 by a garden she cultivated on his property; and appellee converted approximately $6,500 of appellant's property to his own use. Appellant demanded an order requiring appellee to specifically perform on the parties' "contract." Appellant further asked for a judgment in the amount of $761,000 to cover 11 years lost wages; medical insurance until appellant would become eligible for Medicare, supplemental Medicare, and prescription coverage; 10 years automobile insurance coverage; and the reasonable rental value for her promised life estate in appellee's home.
 {¶ 12} On October 6, 2004, appellee filed a motion for summary judgment as to all counts of appellant's complaint. In support of his motion, appellee argued that during the time appellant lived in his home she was a social guest and therefore he had no obligation to give her notice before recinding his invitation to her. Appellee asserted that appellant became a trespasser when she refused to leave. Appellee also argued he fulfilled his promises to her regarding payment of her expenses but he never promised she could live there for the rest of her life. Appellee further asserted he never executed a deed or other writing that would have given appellant a life estate in his property. Also, as to appellant's unjust enrichment claim based on the garden she planted in his yard, appellee asserted appellant planted the garden of her own volition. Finally, as to the several items of personal property appellant claimed appellee refused to allow her to remove from the home, appellee asserted they were not gifts to her but were items he purchased with his own money for their use in the home.
 {¶ 13} Appellant did not file a response, and on November 16, 2004, the trial court granted summary judgment in favor of appellee. On December 9, 2004, appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B), asking the trial court to vacate the summary judgment and grant her leave to file a response to appellee's motion. Appellant asserted her failure to file a timely response was due to mistake, inadvertence, surprise and/or excusable neglect. On December 15, 2004, while appellant's motion for relief from judgment was pending in the trial court, she filed a timely notice of appeal with this court from the order granting summary judgment. She then moved this court to remand the appeal to the trial court for a ruling on her Civ. R. 60(B) motion. On January 28, 2005, while appellant's motion for remand was pending in this court, the trial court denied her Civ. R. 60(B) motion. On February 11, 2005, this court remanded the appeal to the trial court for a ruling on the Civ. R. 60(B) motion. On February 24, 2005, the trial court again denied appellant's motion to vacate and on March 25, 2005, appellant filed a notice of appeal from that judgment. On April 4, 2005, this court consolidated appellant's two appeals.
 {¶ 14} In her first assignment of error, appellant asserts the trial court erred in granting summary judgment. Appellant argues that the trial court erred by failing to consider her complaint, her testimony at the hearing on her request for a temporary restraining order, and her deposition testimony. She also asserts the trial court erred by not requiring appellee to demonstrate the absence of material fact as to all essential elements of her causes of action based on unjust enrichment and conversion.
 {¶ 15} We note at the outset that, in reviewing a motion for summary judgment, we must apply the same standard as the trial court. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). Initially, the party seeking summary judgment bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 1996 Ohio 107. There is no "default summary judgment" in Ohio. Maust v. Palmer (1994),94 Ohio App.3d 764, 769. Therefore, the moving party must still meet its burden under Dresher, supra, even if the nonmoving party fails to file a memorandum in opposition, as occurred in this case.
 {¶ 16} Appellant asserts appellee's actions created a cause of action for estoppel because he made promises which led her to sell her house and quit her job, and then broke those promises, thereby subjecting her to loss and injury. It is undisputed that appellee said he would provide for her medical and automobile insurance, buy her a new car, pay all household expenses, and give her spending money. However, it is also undisputed appellee took care of those things while appellant lived with him and their relationship was on solid ground. Further, there is no evidence in the record to support appellant's claim that appellee promised her she could live in his house for the rest of her life, let alone that she is entitled to several hundred thousand dollars in damages for "improper termination of [her] right to reside in the premises." At her deposition, appellant testified appellee told her if he died first she could remain in the house until her death. She further testified he never told her she could stay there until she died if he were still living.
 {¶ 17} Appellant also asserts she set forth a cause of action for unlawful eviction. This argument is premised on appellant's belief that she possessed status as a tenant, not a social guest, while living with appellee, because they had an agreement concerning the use and occupancy of the home. There is no evidence in the record that the parties entered into a rental agreement of any sort or that either of them considered her a tenant in the home. At the hearing on appellant's motion for a temporary restraining order, appellant testified appellee never asked herto pay rent while she lived with him and stated she moved in at hisinvitation.
 {¶ 18} Next we will consider appellant's claims for unjust enrichment and conversion. To prove conversion, a plaintiff must show "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93,96. Ohio courts have observed that "[t]here is no precedent in Ohio for dividing assets or property based on mere cohabitation without marriage and we think it advisable not to start or follow a trend to the contrary." Lauper v. Harold (1985), 23 Ohio App.3d 168, 170. See, also, Seward v. Mentrup (1993), 87 Ohio App.3d 601. Although the issue before the court in Lauper was the trial court's division of property, we agree with the rationale expressed by that court and believe it can reasonably be applied to appellant's claim for conversion of property in this case. We are unwilling to involve this court or the lower court in what amounts to the division of personal property between two unmarried individuals upon the conclusion of their relationship. Appellant has stated that she was not permitted to remove several items that she claimed were hers but she has presented no evidence of ownership or evidence that appellee is withholding property under a claim inconsistent with his rights.
 {¶ 19} Appellant's claim for unjust enrichment is based on the garden she planted. Appellant testified she purchased plantings with her own spending money and transplanted flowers from her yard before she moved in with appellee. With respect to this claim, we do not find any evidence appellee was unjustly enriched by the garden appellant planted in his yard. Unjust enrichment occurs where a party retains money or benefits which in justice and equity belong to another. Hummel v. Hummel (1938),133 Ohio St. 520, 528. While it is undisputed appellant planted and maintained the garden, it did not "belong" to her. Also, she did not offer any evidence as to the value of any of the plants and did not otherwise support her claim that the garden enhances the value of appellee's property by $10,000. Further, appellant lived in appellee's home for approximately four years and was able to enjoy the garden herself during that time. We therefore find no evidence appellee was unjustly enriched by the garden.
 {¶ 20} Based on the foregoing, we find appellant failed to come forward with any evidence which might raise an issue of fact on any point necessary for her to prevail in this action. Thus, even construing the unsupported assertions presented in appellant's testimony at the TRO hearing and in her deposition in a light most favorable to her, we find appellee carried his burden of demonstrating he is entitled to judgment as a matter of law with respect to these claims. Accordingly, we find the trial court did not err by granting appellee's motion for summary judgment and appellant's first assignment of error is not well-taken.
 {¶ 21} Appellant's second and third assignments of error both raise issues relating to her Civ. R. 60(B) motion to vacate. We will first address appellant's third assignment of error, in which she asserts the trial court erred by denying her motion.
 {¶ 22} The decision to grant or deny a Civ. R. 60(B) motion is within the sound discretion of the trial court, and will not be disturbed on appeal absent a clear abuse of that discretion. Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 103. The term "abuse of discretion" connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} The grounds for relief set forth in Civ. R. 60(B) are: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment * * *."
 {¶ 24} In order to succeed on a motion seeking relief from judgment pursuant to Civ. R. 60(B), a movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Relief pursuant to Civ. R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth inGTE, supra. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391.
 {¶ 25} Appellant asserted in her motion for relief from judgment that she failed to file a response to appellee's motion for summary judgment due to "inadvertence, mistake and/or excusable neglect." She stated the filing of appellee's motion for leave to file and the trial court's order granting leave were duly noted in her attorney's file but that appellee's subsequent filing of the motion mistakenly was not entered on the calendar. Appellant asserted that was a result of inadvertence, mistake and excusable neglect, not a willful or complete disregard for the judicial system.
 {¶ 26} The determination of whether a party's neglect is excusable or inexcusable must take into consideration the surrounding facts and circumstances. Colley v. Bazell (1980), 64 Ohio St. 2d 243, 249. The party attempting to demonstrate relief should be granted must make a prima facie showing that the ends of justice will be better served by setting the judgment aside. Rose Chevrolet, Inc. v. Adams (1998), 36 Ohio St.3d 17
at 21.
 {¶ 27} This court has considered the entire record of these proceedings and, upon consideration thereof and the law, finds appellant has not established that her failure to file a response to appellee's motion for summary judgment was due to excusable neglect or that the ends of justice would be better served if the trial court's summary judgment was set aside. Appellant did not demonstrate the existence of any compelling facts or circumstances that would have "excused" the failure to file a response to the motion for summary judgment. Because appellant has failed to meet the second requirement for the granting of a Civ. R. 60(B) motion as set forth in GTE Automatic Elec., Inc., supra, we need not address the issue of whether she has a meritorious claim or defense to present if relief is granted. Argo Plastic Products Co., supra. The trial court did not abuse its discretion when it denied appellant's motion for relief from judgment pursuant to Civ. R. 60(B)(1) and, accordingly, appellant's third assignment of error is not well-taken.
 {¶ 28} In her second assignment of error, appellant asserts the trial court should have held a hearing on her motion. Appellant supports this argument simply by quoting a decision of the Supreme Court of Ohio which states that a trial court abuses its discretion by denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. See Kayv. Marc Glassman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430.
 {¶ 29} Generally, a trial court has discretion whether or not to hold an evidentiary hearing before ruling on a motion for relief from judgment. U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App. 3d 293,294. If a trial court has before it enough evidence to make a decision, an evidentiary hearing on the motion is not necessary. Matsonv. Marks (1972), 32 Ohio App. 2d 319, 328. In other words, an evidentiary hearing is not required in cases where "the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ. R. 60(B)." State ex rel.Richard v. Seidner, 76 Ohio St.3d 149, 151, 1996-Ohio-54, citing S. OhioCoal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667.
 {¶ 30} Based on the foregoing, and in particular our finding as to appellant's third assignment of error, we find that an evidentiary hearing was not necessary in this case because appellant did not present allegations of operative facts which would have warranted relief pursuant to Civ. R. 60(B). Accordingly, we find that the trial court did not abuse its discretion by failing to hold an evidentiary hearing in this case and appellant's second assignment of error is not well-taken.
 {¶ 31} On consideration whereof, we find that substantial justice was done the party complaining and the judgments of the Lucas County Court of Common Pleas entered November 16, 2004, and February 24, 2005, are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.