[Cite as *Fifth Third Bank v. Martinez*, 2025-Ohio-1893.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

FIFTH THIRD BANK, NATIONAL
ASSOCIATION FKA, FIFTH THIRD
BANK SUCCESSOR BY MERGER
TO FIFTH THIRD MORTGAGE                   CASE NO. 13-24-44
COMPANY,

      PLAINTIFF-APPELLEE,

  V.

WILLIAM J. MARTINEZ,

      DEFENDANT-APPELLANT,                    **OPINION AND**
                                          **JUDGMENT ENTRY**
  -AND-

SENECA COUNTY TREASURER,

      DEFENDANT-APPELLEE.

---

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 24CV0085**

**Judgment Affirmed**

**Date of Decision: May 27, 2025**

---

**APPEARANCES:**

    *Gene P. Murray* **for Appellant**

    *Benjamin M. Rodriguez* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, William J. Martinez ("Martinez"), brings this appeal from the October 21, 2024, judgment of the Seneca County Common Pleas Court awarding summary judgment to defendant-appellee Fifth Third Bank. On appeal, Martinez argues that by filing an answer denying the allegations in the complaint, he had satisfied his burden to defeat a summary judgment motion. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On March 20, 2024, Fifth Third Bank filed a "Complaint in Foreclosure" against Martinez. On May 28, 2024, Martinez filed an answer denying Fifth Third's claims.

{¶3} On September 3, 2024, Fifth Third filed a motion for summary judgment and decree of foreclosure, attaching numerous evidentiary documents in support. For example: Fifth Third filed a copy of the note and mortgage executed by Martinez; Fifth Third filed evidence that Martinez was in default; Fifth Third produced evidence that Martinez owed $31,304.13; and Fifth Third produced evidence that it provided Martinez with notice and opportunity to cure the default prior to acceleration. Because Martinez had not cured the default, Fifth Third sought foreclosure.

**{¶4}** On September 23, 2024, Martinez filed a response to Fifth Third's motion for summary judgment claiming that although he had some issues with late payments in the past, he had resumed making timely payments. These statements were unsworn and contained in the body of his two-page memorandum in response. Martinez did not attach any evidentiary materials whatsoever to his memorandum in response.

**{¶5}** On October 21, 2024, the trial court filed a judgment entry granting Fifth Third's motion for summary judgment. It is from this judgment that Martinez appeals, asserting the following assignments of error for our review.

### First Assignment of Error

**The trial court erred by deciding there was no genuine issues as to any material fact, because it is a material fact that although there had been in the distant past a few late payments regarding his mortgage, Defendant-Appellant had quickly resumed making timely mortgage payments to Plaintiff-Appellee Fifth Third Bank, which the bank had accepted and was continuing to accept, in forbearance of proceeding with foreclosure, pursuant to the good faith reliance upon same by the Defendant-Appellant, to his detriment, resulting in the denial of the Defendant-Appellant's fundamental and substantial rights to Due Process of law and Equal Protection of the laws, and the denial of his rights under the doctrines of promissory and equitable estoppel.**

**Second Assignment of Error**

**The Defendant-Appellant put at issue every genuine material fact in this case by denying the claims and assertions in the Plaintiff-Appellee's Complaint. Accordingly, for Due Process of Law and Equal Protection of the Laws, in the interests of justice, the Defendant-Appellant should not have had his denials in this case to be summarily dismissed.**

**{¶6}** Due to the nature of the discussion and disposition, we elect to address the assignments of error together.

*First and Second Assignments of Error*

**{¶7}** In his assignments of error, Martinez makes various arguments contending that the trial court erred by granting summary judgment in favor of Fifth Third Bank.

Standard of Review

**{¶8}** Appellate courts conduct a de novo review of trial court decisions granting a motion for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, this Court must conduct an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *Tharp v. Whirlpool Corp.*, 2018-Ohio-1344, ¶ 23 (3d Dist.).

Civ.R. 56(C) provides, in relevant part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.

**{¶9}** "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 2015–Ohio–4462, ¶ 11 (10th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial." *Id.*, citing *Dresher* at 293.

**{¶10}** "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 (1992). "Nevertheless, summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essentials of [her] claim." *Id.*, citing *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108 (1991), paragraph three of the syllabus.

Analysis

**{¶11}** In his brief, Martinez makes numerous arguments contending that the trial court erred by granting summary judgment in favor of Fifth Third Bank. He contends that there were genuine issues of material fact, he contends that his due

process rights were violated, and he contends that Fifth Third Bank was unjustly enriched. He attempts to frame this case as one of material facts in dispute and a deprivation of rights. However, this case is simply about Civil Rule 56(C), and what constitutes "evidence" to defeat a well-supported motion for summary judgment.

{¶12} In this case, after Martinez filed an answer denying the allegations in Fifth Third Bank's complaint, Fifth Third filed a motion for summary judgment. Fifth Third attached evidentiary materials to its motion for summary judgment establishing, *inter alia*, that it was the holder of the note and mortgage, that Martinez was in default, and that Fifth Third had complied with all applicable laws and regulations.

{¶13} Martinez filed a motion in response containing no evidentiary materials. He claimed in the motion that "although there had been in the distant past a few late payments regarding his mortgage . . . [he] had quickly resumed making monthly mortgage payments." However, Martinez did not file an affidavit or any other evidentiary materials to support his claim. Rather, he relied on his blanket denials in his answer and in his responsive motion itself.

{¶14} Generally, unsupported conclusory assertions are not sufficient to meet the nomovant's burden to set forth specific facts to show that a genuine issue of material fact exists. *Knab v. Washington Cnty. Bd. of Commrs.*, 2024-Ohio-1569, ¶ 39 (4th Dist.). Further, it is well-settled "that resting on mere allegations against a

motion for summary judgment . . . is insufficient." *Jackson v. Alert Fire and Safety Equipment, Inc*. 58 Ohio St.3d 48, 52 (1991).

{¶15} Here, Fifth Third filed a well-supported motion for summary judgment, shifting the burden to Martinez to provide evidence that would establish a genuine issue of material fact. Martinez provided no evidence to meet his burden to defeat summary judgment, since documents that are not sworn, certified, or authenticated by way of affidavit have no evidentiary value. *Knab* at ¶ 40. Therefore, we find that the trial court properly granted summary judgment in favor of Fifth Third Bank. Martinez's arguments to the contrary are not-well taken, and where they are not entirely irrelevant to the disposition, they are overruled. Accordingly, his first and second assignments of error are overruled.

*Conclusion*

{¶16} Having found no error prejudicial to Martinez in the particulars assigned and argued, the judgment of the Seneca County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

**/jlm**

Case No. 13-24-44

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm