[Cite as *Basford v. Butler*, 2025-Ohio-2829.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

CHRISTINIA BASFORD,

    PLAINTIFF-APPELLEE,

  v.

LONNIE BUTLER,

    DEFENDANT-APPELLANT.

CASE NO. 9-24-64

OPINION AND
JUDGMENT ENTRY

---

Appeal from Marion County Common Pleas Court
Trial Court No. 23-CV-407

**Judgment Affirmed**

**Date of Decision:  August 11, 2025**

---

**APPEARANCES:**

    *J.C. Ratliff* and *Rocky Ratliff* for Appellant

    *Nicholas S. Bobb* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Lonnie Butler ("Lonnie"), appeals the July 22, 2024 judgment entry of the Marion County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Christinia Basford ("Christinia").[1] For the reasons that follow, we affirm.

{¶2} Lonnie and Christinia were together for 20 years before their relationship ended in June of 2023. However, the parties were never married to each other. During their 20-year relationship, the parties lived together on Christinia's property in Marion County. Lonnie did not pay rent. He did, however, provide labor, maintenance, and improvements to Christinia's property. During his deposition testimony, Lonnie explained the parties' living together understanding as follows:

> When I first moved in here, our agreement was I do all the yard maintenance, all the mechanic work, all the labor, and she provided the material. And this went right along with everything every year, mowing the yard, maintenance. Every day, every week, every month, I stepped out that back door and there was work provided on this house -- on this property.

(Dec. 7, 2023 Dep. Lonnie at 105).

{¶3} When the parties' relationship ended in June of 2023, Lonnie vacated the premises and Christinia listed the property for sale. Nevertheless, on July 14,

---

[1] The trial court's July 22, 2024 judgment entry inaccurately states plaintiff's first name as "Christina."

2023, Lonnie recorded an "Affidavit of Lien" against the property averring that he was owed $50,000 for the work performed and improvements made to Christinia's property during their 20-year relationship.

{¶4} Christinia was unable to sell her property due to Lonnie's lien. When Lonnie refused to remove the lien, Christinia filed a complaint in the trial court seeking a declaratory judgment to determine the lien invalid and injunctive relief ordering Lonnie to release the invalid lien. Christinia also sought to recover monetary damages for fraud and slander of title as a result of the lien. In response, Lonnie filed an amended answer and counterclaim against Christinia seeking to enforce his lien and asserting claims for breach of implied/oral contract, unjust enrichment, and promissory estoppel.

{¶5} Christinia moved to dismiss Lonnie's claims for enforcement of lien and breach of implied/oral contract. After the matter was fully briefed by the parties, the trial court determined that these claims are barred by the statute of frauds and dismissed same.

{¶6} Following discovery that included the deposition of each party, Christinia moved for summary judgment on Lonnie's remaining counterclaims. Christinia also moved for partial summary judgment on the issue of liability as to her claims for fraud, slander of title, declaratory judgment, injunctive relief, and quiet title.

{¶7} On July 22, 2024, the trial court granted summary judgment in favor of Christinia on all her claims and dismissed Lonnie's counterclaims of unjust enrichment and promissory estoppel. The trial court further determined that Lonnie's lien was invalid and ordered Lonnie to record a release of lien. The issue of damages remained for trial.

{¶8} The matter did not proceed to trial. Instead, on November 15, 2024, Christinia filed a notice of dismissal without prejudice.

{¶9} On December 13, 2024, Lonnie timely filed his notice of appeal raising a single assignment of error.

### Assignment of Error

**The Trial Court Failed To Construe The Evidence In The Light Most Favorable To Appellant And Erred When It Granted Summary Judgment To Appellee.**

{¶10} In his sole assignment of error, Lonnie argues that the trial court erred by granting summary judgment in favor of Christinia. Specifically, Lonnie argues that the evidence—when viewed most strongly in his favor—shows that he is entitled to compensation for the work performed and improvements made to Christinia's property.

*Standard of Review*

{¶11} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and

without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 2013-Ohio-2149, ¶ 25 (3d Dist.).

{¶12} Summary judgment is proper where "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994), citing Civ.R. 56(C).

{¶13} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 2011-Ohio-4467, ¶ 13 (3d Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Carnes* at ¶ 13, citing *Dresher* at 293. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Carnes* at ¶ 13, citing *Dresher* at 293 and Civ.R. 56(E).

{¶14} "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries v. Applied Cos.,* 67 Ohio St.3d 344, 346 (1993), citing *Murphy v.*

*Reynoldsburg*, 65 Ohio St.3d 356, 604 (1992). "Nevertheless, summary judgment is appropriate where [the nonmoving party] fails to produce evidence supporting the essentials of its claim." *Welco Industries* at 346, citing *Wing v. Anchor Media, Ltd. of Texas,* 59 Ohio St.3d 108 (1991), paragraph three of the syllabus.

*Analysis*

{¶15} Lonnie argues that a genuine triable issue remains regarding whether he is entitled to compensation for work performed and improvements made to Christinia's property. In particular, Lonnie argues that he is entitled to compensation because "to allow [Christinia] to retain the improvements without payment to [him] would be unjust." (Appellant's Brief at 14). Moreover, Lonnie contends that Christinia is estopped from denying payment since "[she] promised that [Lonnie] would be compensated for his labor and work and acknowledged this promise" on two separate occasions. (*Id.* at 17).

{¶16} "Unjust enrichment occurs when a person 'has and retains money or benefits which in justice and equity belong to another.'" *Johnson v. Microsoft Corp.*, 2005-Ohio-4985, ¶ 20, quoting *Hummel v. Hummel*, 133 Ohio St. 520, 528 (1938). To prove unjust enrichment, a claimant must show (1) a benefit conferred by the claimant upon a person; (2) knowledge by the person of the benefit; and (3) retention of the benefit by the person under circumstances where it would be unjust to do so without payment. *Dixon v. Smith*, 119 Ohio App.3d 308, 317-318 (3d Dist. 1997). The purpose of an unjust-enrichment claim "is not to compensate the

[claimant] for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the [person]." *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954).

{¶17} With respect to Lonnie's unjust-enrichment argument, there is no evidence to support the assertion that Christinia was unjustly enriched by Lonnie's actions. While it is undisputed that Lonnie performed work and made improvements to Christinia's property, it is also undisputed that Lonnie lived on the property for 20 years without paying rent. Nonetheless, Lonnie asserts that the "rent-free argument" is a "complete red herring" since all the work he performed on the property is worth more than any offset for 20 years of rent-free living. (Appellant's Brief at 13). Critically, Lonnie failed to produce any evidence to support this assertion. *See* Civ.R. 56(E).

{¶18} "Generally, unsupported conclusory assertions are not sufficient to meet the nonmovant's burden to set forth specific facts to show that a genuine issue of material fact exists." *Fifth Third Bank v. Martinez*, 2025-Ohio-1893, ¶ 14 (3d Dist.), citing *Knab v. Washington Cnty. Bd. of Commrs.*, 2024-Ohio-1569, ¶ 39 (4th Dist.). "Thus, "'resting on mere allegations against a motion for summary judgment . . . is insufficient'" to defeat a properly supported summary judgment motion." *Knab* at ¶ 39, quoting *Jackson v. Alert Fire & Safety Equip., Inc.,* 58 Ohio St.3d 48, 52 (1991), quoting *King v. K.R. Wilson Co.,* 8 Ohio St.3d 9, 11(1983).

{¶19} Here, Lonnie lived rent free on Christinia's property for 20 years and was able to enjoy the improvements himself during that time. In addition to owning the property, Christinia also paid all utilities for the property, as well as property taxes and home insurance. Christinia filed a well-supported motion for summary judgment showing that—*under these circumstances*—she was not unjustly enriched. *See Ogle v. Disbrow*, 2005-Ohio-4869, ¶ 19 (6th Dist.) (finding no evidence of unjust enrichment where former girlfriend planted a garden on former boyfriend's property when former girlfriend lived on the property for four years and was able to enjoy the garden herself). Thus, the burden shifted to Lonnie to produce evidence that would establish a genuine issue of material fact. Lonnie failed to meet his burden and summary judgment in favor of Christinia on the issue of unjust enrichment is appropriate.

{¶20} As to his promissory-estoppel argument, Lonnie asserts that Christinia promised to compensate him for the work performed and improvements made to her property. Lonnie contends that Christinia "acknowledged" this promise on two separate occasions. (Appellant's Brief at 17). First, in a "statement, or will, that [Lonnie] should receive $25,000.00 for these improvements." (*Id.*). Second, in a "will done in 2019 that recognized that [Lonnie] should receive one-third (1/3) of the sale of the [p]roperty." (*Id.*). Lonnie argues that these two acknowledgments "establish that [Christinia] made a promise to [Lonnie] that he would be

compensated, and how she was going to come up with that compensation." (Appellant's Reply Brief at 10).

{¶21} "'Promissory estoppel is an equitable doctrine for enforcing the right to rely on promises.'" *Baber v. Ohio Mut. Ins. Co.,* 2021-Ohio-1625, ¶ 16 (3d Dist.), quoting *Ringhand v. Chaney*, 2014-Ohio-3661, ¶ 20 (12th Dist.). This equitable doctrine "'comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice.'" *Olympic Holding Co. v. ACE Ltd.,* 2009-Ohio-2057, ¶ 39, quoting *Doe v. Univision Television Group, Inc.,* 717 So.2d 63, 65 (Fla. App. 1998).

> "To prevail on a claim for promissory estoppel, a party must establish four elements: (1) there must be a clear and unambiguous promise, (2) the party to whom the promise was made must rely on it, (3) the reliance must be reasonable and foreseeable, and (4) the party relying on the promise must have been injured by the reliance."

*Baber* at ¶ 17, quoting *Zapata Real Estate, L.L.C. v. Monty Realty, Ltd.*, 2014-Ohio-5550, ¶ 35 (8th Dist.). Moreover, "[i]f an alleged promise is so indefinite that the parties are unsure that a commitment has been made or are unable to determine what the commitment requires, the promise is not enforceable under the doctrine of promissory estoppel." *Baber* at ¶ 18, citing *Zapata* at ¶ 40.

{¶22} Based on our review of the record, Lonnie's promissory-estoppel argument fails since there is no evidence of a "clear and unambiguous promise" made by Christinia to compensate Lonnie for work performed and improvements made to her property. *Zapata* at ¶ 35. Rather, the record establishes that Christinia

and Lonnie agreed that Christinia would provide the materials for all maintenance and improvements to the property—and Lonnie would provide the labor. In fact, Lonnie's deposition testimony illustrates that "our agreement was I do all the yard maintenance, all the mechanic work, all the labor, and she provided the material." (Dec. 7, 2023 Dep. Lonnie at 105). When asked by his own attorney why he did not expect to be paid when the parties' relationship began in 2003, Lonnie testified as follows:

> Because -- because we was in a relationship and this work was going on and I just -- I didn't require any payment. Besides, this contract we had, the oral contract that she pay for the material and I do the work.

(*Id.* at 308). The parties operated under this agreement for 20 years.

{¶23} In addition, we reject Lonnie's argument that Christinia acknowledged on two separate occasions that she promised to compensate him for work performed and improvements made to her property. First, the record does not contain a copy of a "statement" or "will" made by Christinia wherein it states that Lonnie "should receive $25,000.00 for these improvements." (Appellant's Brief at 17). Instead, the record contains Christinia's deposition testimony wherein she testified that Lonnie "harassed" her into signing a "paper" stating that she would give him "$25,000 if he ever left, for the cabin." (Dec. 7, 2023 Dep. Christinia at 31-32). Christinia further testified that this took place in 2008—two years *after* the cabin had been built on her property in 2006. Thus, Lonnie did not rely on this statement to his

detriment since the cabin had already been built.  Moreover, Christinia testified that Lonnie could "take" the cabin and remove it from her property.  (*Id.* at 59).  In turn, Lonnie testified that it would be cost prohibitive for him to remove the cabin from the property.  (Dec. 7. 2023 Dep. Lonnie at 110).

{¶24} Second, Christinia's 2019 Will makes no mention of compensating Lonnie for work performed and improvements made to her property.  Rather, the 2019 will bequeaths a fraction of the net proceeds from the sale of the property to Lonnie upon Christinia's death.  The relevant provision of the 2019 will states:

> I direct that the real property I currently own located at 1485 Boise Road, Marion, OH 43302, is to be sold and the proceeds of said sale shall be divided equally among my children, [W.E.M.] and [A.C.J.], and my boyfriend, Lonnie Butler, absolutely and in fee simple, share and share alike in equal shares. . . . Should Lonnie Butler predecease me or die within thirty (30) days of my death, or perish with me in a common disaster by which it is not readily determinable which of us survived the other, then his share shall be given to my children, absolutely and in fee simple, share and share alike, in equal shares.

(Dec. 7, 2023 Dep. Lonnie at Ex. 6).  Absent evidence of a clear and unambiguous promise regarding compensation, Lonnie has failed to meet his burden and summary judgment in favor of Christinia is warranted.

{¶25} Based on the foregoing, we conclude that Lonnie failed to come forward with any evidence which might raise an issue of fact on any point necessary for him to prevail in this action.  Thus, even construing the evidence in a light most favorable to Lonnie, we conclude that from the evidence reasonable minds can come to but one conclusion and that conclusion is adverse to Lonnie.  Accordingly, the

trial court did not err by granting summary judgment in favor of Christinia and dismissing Lonnie's counterclaims.

**{¶26}** Lonnie's sole assignment of error is overruled.[2]

**{¶27}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in his sole assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK, P.J. and MILLER, J., concur.**

---

[2] Although we have not sustained Lonnie's sole assignment of error, his appeal is not frivolous. *See Loyer v. Signature Healthcare of Galion*, 2016-Ohio-7736, ¶ 5, fn. 1 (3d Dist.). Therefore, we deny Christinia's request that Lonnie be required to pay her attorney fees and costs of the appeal under App.R. 23.

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

 

William R. Zimmerman, Judge

 

Juergen A. Waldick, Judge

 

Mark C. Miller, Judge

DATED:
/hls